

**RECORD NO. 20-6034**

In The
# United States Court of Appeals
### For The Fourth Circuit

RECEIVED

2020 JAN 15  PM 12: 27

U.S. COURT OF APPEALS
FOURTH CIRCUIT

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**BRIAN DAVID HILL,**

*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

———————

**INFORMAL OPENING BRIEF OF APPELLANT**

———————



**Brian David Hill – Ally of Qanon**
**Founder of USWGO Alternative News**
**310 Forest Street, Apt. 2**
**Martinsville, Virginia  24112**
**(276) 790-3505**



*Pro Se Appellant*                    JusticeForUSWGO.wordpress.com

i

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................v to xi

I.    STATEMENT OF SUBJECT MATTER
AND APPELLATE JURISDICTION ...........................................1

II.    STATEMENT OF THE ISSUES ...............................................1

III.    STATEMENT OF THE CASE ...................................................4

IV.    SUMMARY OF THE ARGUMENT ..........................................11

V.    ARGUMENT ......................................................................14

     A.    Standard of Review ....................................................14

     B.    Argument ...............................................................20

         i.    The district court erred as a matter of law or abused discretion in dismissing the 2255 case while there were matters within the 2255 case currently still under pending appeal and taking action(s) on the case over matters which were barred by pending appeal. ................................................................20

         ii.    The District Court erred or abused discretion in failing to recognize or refusing to recognize any and all cumulative evidence concerning Appellant's actual innocence and that his guilty plea may not have been valid and true (Dkt. #171) and in adopting the Magistrate Judge's Recommendation. ...............23

         iii.    The district court erred or abused discretion in dismissing the 2255 case without entering any judicial decision or judicial action on Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor (Dkt. #199), Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of

Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments (Dkt. #206), Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill (Dkt. #217), Petitioner's third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff/Respondent's favor (Dkt. #222), and pending Writ of Mandamus under case no. 19-2338 concerning the district court's inaction on the motions for sanctions...28, 29

iv.

This Court should extend and/or modify existing law to hold that the district court abused its discretion in denying Appellant's 2255 motion and dismissing the 2255 action without addressing the frauds upon the court and any jurisdictional challenges which are not normally subject to a statute of limitations. .................32

v.

This Court should extend and/or modify existing law to hold that the district court erred or abused discretion by dismissing Appellant's 2255 case and denying the 2255 motion despite existing case law ruling by the Supreme Court that actual innocence is not subject to the statute of limitations under 28 U.S.C. § 2255. ....................................................................37

vi.

This Court should extend and/or modify existing law to hold that the district court abused its discretion in denying Appellant's Motion to Disqualify Judge under Dkt. #195 before denying Appellant's 2255 motion and dismissing the 2255 action when the judge had already shown clear evidence of prejudice and/or bias. .................................................................................41

VI.    CONCLUSION ................................................................... 44, 45

PRIOR APPEALS ............................................................................ 46

VII.   REQUEST FOR ORAL ARGUMENT ....................................... 47

CERTIFICATE OF COMPLIANCE..................................................... 48

CERTIFICATE OF FILING AND SERVICE................................. 49-50

## TABLE OF AUTHORITIES/CITATIONS

<strong><u>Page(s)</u></strong>

### CASES

*Liteky v. United States,*
     510 U.S. 540, 543 (1994).................................................................43

*Fero v. Kerby,*
     39 F.3d 1462, 1478 (10th Cir. 1994) ...........................................43

*United States v. Balistrieri,*
     779 F.2d 1191, 1202 (7th Cir. 1985) ...........................................43

*Goldblum v. Klem,*
     510 F.3d 204, 214-15 (3d Cir. 2007) ...........................................15

*Schriro v. Landrigan,* ___ U.S. ___,
     127 S.Ct. 1933, 1939, 167 L.Ed.2d 836 (2007) ...........................15

*Wolfe v. Johnson,*
     565 F.3d 140, 144 (4th Cir. 2009) ...............................................15

*Schlup v. Delo,*
     513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) ...............15

*Juniper v. Zook,*
     876 F.3d 551, 556 (4th Cir. 2017) ...............................................15

*Barbe v. McBride,*
     521 F.3d 443, 452 (4th Cir. 2008) ...............................................15

*Conaway v. Polk,*
     453 F.3d 567, 582 (4th Cir. 2006) ...............................................15

*Bousley v. United States,*
     523 U.S. 614, 622 (1998) .............................................................16

*United States v. Fugit,*
    703 F.3d 248, 253-54 (4th Cir. 2012) ........................................................16

*Smith v. Murray,*
    477 U.S. 527, 537 (1986))...........................................................................16

*Wainwright v. Sykes,*
    433 U.S. 72, 87 (1977) ................................................................................16

*Murray v. Carrier,*
    477 U.S. 478, 485 (1986) ............................................................................16

*Bousley v. United States,*
    523 U.S. 614, 622 (1998) .......................................................................16, 40

*Ross v. United States,*
    1:17CV443, at *10 (M.D.N.C. Oct. 22, 2019)...........................................16

*United States v. McCoy,*
    895 F.3d 358, 364 (4th Cir.), cert. denied, ___ U.S. ___, 139 S. Ct. 494
    (2018)...........................................................................................................16

*FRITTS v. KRUGH. SUPREME COURT OF MICHIGAN,*
    10/13/58, 92 N.W.2d 604, 354 Mich. 97 ...................................................17

*Kenner v. C.I.R.,*
    387 F.2d 689, 691 (7th Cir. 1968) .........................................................18, 37

*Herring v. United States,*
    424 F.3d 384, 386-87 (3d Cir. 2005) .....................................................18, 37

*United States v. Boch Oldsmobile, Inc.,*
    909 F.2d 657, 661 (1st Cir. 1990).............................................................30

*Orner v. Shalala,*
    30 F.3d 1307, 1310 (10th Cir. 1994) .........................................................30

*V.T.A., Inc. v. Airco, Inc.,*
    597 F.2d 220, 224 n. 9 and accompanying text (10th Cir. 1979) ................30

*Venable v. Haislip,*
    721 F.2d 297, 299-300 (10th Cir. 1983) ...................................................30

*V.T.A., Inc.,*
    523 U.S. 614, 622 (1998) ...........................................................................30

*Venable,*
    721 F.2d at 300 .........................................................................................30

*United States v. Williams,*
    790 F.3d 1059, 1071 (10th Cir. 2015).......................................................30

*Hazel–Atlas,*
    322 U.S. at 246, 64 S.Ct. 997. ...................................................................30

*United States v. Estate of Stonehill,*
    660 F.3d 415, 444 (9th Cir.2011) ..............................................................30

*Chambers,*
    501 U.S. at 44, 111 S.Ct. 2123 ..................................................................30

*United States v. Williams,*
    790 F.3d 1059, 1071 (10th Cir. 2015).......................................................31

*United States v. McVeigh,*
    9 Fed.Appx. 980, 983 (10th Cir.2001).......................................................31

*Fierro v. Johnson,*
    197 F.3d 147, 153 (5th Cir.1999) ..............................................................31

*Joyce v. United States,*
    474 F.2d 215, 219 (3d Cir. 1973)...............................................................32

*Rosemound Sand Gravel Co. v. Lambert Sand,*
    469 F.2d 416, 418 (5th Cir. 1972) .............................................................32

*McNutt v. General Motors Acceptance Corp.,*
    1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 .....................................33

*Welsh v. American Surety Co.,*
    5 Cir. 1951, 186 F.2d 16; 5 C. Wright A. Miller, supra § 1363 at 653........33

*Norwood v. Renfield,*

34 C 329; Ex parte Giambonini, 49 P. 732. .................................................33

*Rescue Army v. Municipal Court,*
28 Cal.2d 460, 475 (Cal. 1946)......................................................33

*Antilla v. Justice's Court,*
209 Cal. 621 [ 290 P. 43]..............................................................33

*Merritt v. Hunter,*
C.A. Kansas 170 F2d 739 ............................................................33

*Long v. Shorebank Development Corporation,*
182 F.3d 548, 561 (7th Cir. 1999) ..............................................33

*People ex rel. Brzica v. Village of Lake Barrington,*
644 N.E.2d 66, 69-70 (Ill.App.Ct. 1994) ...................................34

*Orrway Motor Serv., Inc. v. Illinois Commerce Comm'n,*
353 N.E.2d 253, 256 (Ill.App.Ct. 1976) ...................................34

*Kavanagh v. Hamilton,*
125 P. 512, 515 (Colo. 1912)) ....................................................34

*Rook v. Rook,*
233 Va. 92, (Va. 1987) ................................................................34

*In re the Adoption of E.L,*
315 Ill. App. 3d 137, 138 (Ill. App. Ct. 2000)...........................35

*Miller v. Balfour,*
303 Ill. App.3d 209, 215, 707 N.E.2d 759 (1999).....................36

*In re the Adoption of E.L,*
315 Ill. App. 3d 137, 154 (Ill. App. Ct. 2000)...........................36

*Massie v. Minor,*
307 Ill. App.3d 115, 119, 716 N.E.2d 857 (1999); M.B., 235 Ill. App.3d at
377-78 ...........................................................................................36

*Falcon v. Faulkner,*
209 Ill. App.3d 1, 13, 567 N.E.2d 686 (1991); Noble, 192 Ill. App.3d 501,
509, 548 N.E.2d 518 (1989) .......................................................36

M.B., 235 Ill. App.3d at 377-78; Falcon, 209 Ill. App.3d at 13; Noble, 192 Ill. App.3d at 509 ......................................................................................................36


*Irving v. Rodriquez,*
    27 Ill. App. 2d 75, 79 (Ill. App. Ct. 1960) ...................................................36

*Ward v. Sampson,*
    395 Ill. 353, 70 N.E.2d 324; I.L.P. Judgments, Sections 174 and 175. .......36

*Escue v. Nichols,*
    335 Ill. App. 244, 81 N.E.2d 652.................................................................36

*Rompza v. Lucas,*
    337 Ill. App. 106, 85 N.E.2d 467.................................................................36

*Brooks v. United States,*
    2007 WL 2688228, at *2 (E.D. Va. Sept. 5, 2007) ....................................37

*United States v. Frady,*
    456 U.S. 152, 162, 165 (1982)....................................................................37

*United States v. Mikalajunas,*
    186 40 F.3d 490, 492-93 (4th Cir. 1999) ...................................................37

*U.S. v. Mikalajunas,*
    186 F.3d 490, 493 (4th Cir. 1999) ..............................................................38

*House v. Bell,*
    547 U.S. 518, 536-37 (2006) ......................................................................16

*House v. Bell,*
    547 U.S. 518, 126 S. Ct. 2064, 165 L. Ed. 2d 1 .........................................38

*Schlup v. Delo,*
    513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 .......................................38

*McQuiggin v. Perkins,*
    569 U.S. 383, (2013) ..................................................................................38

*Murray v. Carrier,*
    477 U.S. 478, 488 (1986) ............................................................................38

*United States v. Jones,*
    758 F.3d 579, 581 (4th Cir. 2014) .............................................38

*McQuiggin v. Perkins,*
    — U.S. —, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013)...............39

*U.S. v. Barrett,*
    178 F.3d 34, 48 (1st Cir. 1999)...................................................39

*Bousley v. United States,*
    118 S.Ct. 1604 (1998).............................................................39

*Goldman v. Winn,*
    565 F. Supp. 2d 200, 203 (D. Mass. 2008) ...................................39

*Goldman v. Winn,*
    565 F. Supp. 2d 200, 203 (D. Mass. 2008) ...................................40

*United States v. Powell,*
    266 Fed. App'x. 263 (4th Cir. Feb. 21, 2008) ...............................40

*Calderon v. Thompson,*
    523 U. S. 538 (1998) .............................................................40

*United States v. Balistrieri,*
    779 F.2d 1191, 1202 (7th Cir. 1985) .........................................44

*DiSalvo v. United States,*
    475 U.S. 1095, 106 S.Ct. 1490, 89 L.Ed.2d 892 (1986)..........................44

## CONSTITUTIONAL PROVISIONS

U.S. CONST. amend. VIII .........................................................26, 27

U.S. CONST. amend. VI.............................................................1, 7, 8, 9

## STATUTES

28 U.S.C. § 2255 ......................................................................1

28 U.S. Code § 455....................................................................41, 43

18 U.S.C. § 242.................................................................................18, 37

18 U.S.C. § 371 ...............................................................................18, 37

28 U.S.C. § 1291 ..................................................................................1

18 U.S.C. § 1001(a)..........................................................................18, 37

## RULE

Federal Rule of Appellate Procedure 4(b)..................................................1

Federal Rule of Civil Procedure 12(b)(6) ...........................................15

Federal Rules of Crim. Procedure, Rule 37 ........................................20

# I. STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Brian David Hill, (the "Appellant") appeals from a final judgment in a case that was opened petitioning the Court under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in Federal custody, which such final judgment was filed December 31, 2019, in the United States District Court for the Middle District of North Carolina by United States District Judge Thomas D. Schroder. The notice of appeal was filed on January 3, 2020. Appeal is authorized pursuant to 28 U.S.C. § 1291 and Federal Rule of Appellate Procedure 4(b), if the Certificate of Appealability is issued by the Fourth Circuit. Appellant doesn't just file this informal opening brief for this case but the Appellant also requests that this Court grant a Certificate of Appealability as there are constitutional issues in the appealed case including a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction or a debatable procedural ruling.

# II. STATEMENT OF THE ISSUES

Whether the district court erred or abused discretion by dismissing Appellant's 2255 case and denying the 2255 motion despite existing case law ruling by the Supreme Court that actual innocence is not subject to the statute of limitations under 28 U.S.C. § 2255.

Whether the district court erred or abused discretion in adopting the Magistrate Judge's Recommendation.

1

Whether the district court erred or abused discretion in failing to recognize or refusing to recognize any and all cumulative evidence concerning Appellant's actual innocence and that his guilty plea may not have been valid and true (Dkt. #171).

Whether the district court erred or abused discretion in failing to recognize or refusing to recognize any and all cumulative evidence concerning Appellee's frauds upon the court, refusing to hold any hearings over the issue of Appellee's fraud upon the court, and refusing to ask the Appellee as to give explanation(s) as to Appellant's allegations of frauds upon the court (Dkt. #199, Dkt. #206, Dkt. #213, Dkt. #222, Dkt. #217, Dkt. #169, Dkt. 143, and Dkt. #145).

Whether the district court erred or abused discretion in dismissing the 2255 case without entering any judicial decision or action on Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor (Dkt. #199), Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments (Dkt. #206), Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill (Dkt. #217), Petitioner's third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff/Respondent's favor (Dkt. #222), and pending Writ of Mandamus under case no. 19-2338 concerning the district court's inaction on the motions for sanctions.

Whether the law should be extended and/or modified to hold that the district

2

court abused its discretion in denying Appellant's 2255 motion and dismissing the 2255 action without addressing the frauds upon the court and any jurisdictional challenges which are not normally subject to a statute of limitations.

Whether the law should be extended and/or modified to hold that the district court abused its discretion in denying Appellant's Motion to Disqualify Judge under Dkt. #195 before denying Appellant's 2255 motion and dismissing the 2255 action when the judge had already shown clear evidence of prejudice and/or bias.

Whether the district court erred or abused discretion in dismissing the 2255 case while there were matters within the 2255 case currently still under pending appeal and taking action(s) on the case over matters which were barred by pending appeal.

## III.  STATEMENT OF THE CASE

On or about November 14, 2017, Appellant filed MOTION to Vacate, Set Aside or Correct Sentence (pursuant to 28 U.S.C. 2255) by BRIAN DAVID HILL. (Attachments: # 1 Envelope)(Taylor, Abby) Civil case 1:17-cv-01036-TDS opened. (Entered: 11/14/2017) (Dkt. #125). On November 12, 2014, Appellant was finally convicted and sentenced to time served plus ten (10) years of supervised release (Dkt. #54). The brief / memorandum of law was also entered that day in support of the 2255 motion (Dkt. #128). Two Declarations filed in support of the 2255 motion (Dkt. #129, 130). Exhibits attached to the brief / memorandum filed in four separate documents (Dkt. #131, #132, #133, #134). The entire 2255 case and other supporting documents on the record will not be added to the Informal Joint Appendix because it is voluminous, the number of pages would total over 1,000 pages altogether, and Appellant can file an informal brief and no appendix is required of Pro Se 2255 filers under Local Rule 34(b). Docket filed under Joint Appendix 1 (JA 1).

On or about December 4, 2017, Appellant filed Third Additional Evidence Declaration (Dkt. #136), fifth Additional Evidence Declaration (Dkt. #137), Redacted Fourth Additional Evidence Declaration (Dkt. #138) and Sealed Fourth Additional Evidence Declaration (Dkt. #139).

On or about December 7, 2017, Appellant filed the motion to seal under Dkt. #140 in regards to Dkt. #139.

4

On or about January 10, 2018, the Appellee filed a motion to dismiss Appellant's 2255 motion (Dkt #141). A Roseboro Letter was entered under Dkt. #142 directing Appellant to file any response/opposition.

On or about January 26, 2018, timely opposition response was filed by Appellant under Dkt. #143 and all attachments. On February 12, 2018, motions under Dkt. #140, Dkt. #125, and Dkt. #141 were referred to U.S. Magistrate Joe Webster. Dkt. #143 is noted that the clerk gave a deadline for Replies due by 2/9/2018. No reply was ever entered, so was not contested by the Appellee.

On or about March 7, 2018, Appellant filed the MOTION entitled "Petitioner's Motion and Brief for Leave to File Additional Evidence" asking the Habeas Court for permission to permit filing additional evidence for the 2255 case before rendering a final decision (Dkt. #144). Then on or about that very same day, filed the "Petitioner's Additional Evidence Brief in Opposition to "Motion to Dismiss Motion to Vacate, Set Aside, Or Correct Sentence" under Dkt. #145 to show the very court the evidence which Appellant was asking permission for leave to file.

On or about March 9, 2018, the Appellee filed a motion for an extension of time to file a motion (Dkt. #146).

On or about March 15, 2018 Appellant filed response in support of their Dkt. #146 motion but with a few objections (Dkt. #147).

On or about March 23, 2018, the Appellee filed their response to the Dkt. #144 and Dkt. #145 filings and additionally had requested a pre-filing injunction under Dkt. #148. Brief / Memorandum filed under Dkt. #149.

5

On or about April 6, 2018, Appellant filed timely objections to Dkt. #148 and Dkt. #149, under Dkt. #150.

On or about June 25, 2018, Appellant filed the MOTION entitled "Petitioner's Motion for requesting Psychological/Psychiatric Evaluation to Determine actual Innocence factor under False Confession element and to resolve the controversy/conflict between Government and Petitioner over "Delusional Disorder" under Dkt. #151. Motion was uncontested.

On or about January 30, 2019, Appellant filed the MOTION for Hearing and for Appointment for Counsel, was uncontested, and filed under Dkt. #169. That put into details the brief description of the allegations of fraud upon the court by Appellant against Appellee. Also Document #170 was filed on March 1, 2019, as evidence with a photocopy of a handwritten letter to Anand Prakash Ramaswamy, attorney for Appellee, addressing the Appellant's allegations of fraud upon the court and stating on record that *"I was set up, that you were given bad evidence (fraud upon the court) from the Town of Mayodan and the State Bureau of Investigation, and that I was mislead and you were mislead."* That letter exhibit was in support of Dkt. #125 the 2255 motion itself.

On or about March 13, 2019, Appellant filed Dkt. #171 BRIEF/MEMORANDUM entitled "Brief/Memorandum of Law on Rule 11 Plea in support of 2255 Motion (Doc. # 125 ) and 2255 Brief (Doc. # 128 )" filed by BRIAN DAVID HILL to 128 Memorandum, 125 Motion to Vacate/Set Aside/Correct Sentence (2255) filed by BRIAN DAVID HILL. That explains with case law and an affidavit (declaration) as to why Appellant's guilty plea is not

6

constitutionally valid and was a false guilty plea. Ineffective counsel was also a factor in Appellant's false guilty plea according to the record.

On or about September 30, 2019, Appellant filed MOTION entitled "Motion to Disqualify Judge" under Dkt. #195.

On or about October 4, 2019, the district court denies Dkt. #195 motion for recusal.

On or about October 4, 2019, Appellant filed the MOTION entitled "Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor" "Motion and Brief/Memorandum of Law in Support of Requesting the Honorable Court in this case Vacate Fraudulent Begotten Judgment or Judgments" under Dkt. #199. Response to Motion due by 10/25/2019 but was uncontested. See Joint Appendix 2 (JA 2).

On or about October 9, 2019, Appellant filed the Dkt. #203 "NOTICE OF APPEAL without payment of fees filed by BRIAN DAVID HILL re: 198 Order" and a decision is to have been made in regards to that appeal. That appeal is under case no. 19-7483.

On or about October 15, 2019, Appellant filed the Dkt. #206 MOTION entitled "Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments". See Joint Appendix 3 (JA 3).

On or about October 21, 2019, the U.S. Magistrate Judge has entered the

following under Dkt. 210:

> "*ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE signed by MAG/JUDGE JOE L. WEBSTER on 10/21/2019, ORDERED that <u>Petitioner's motion to file additional evidence (Docket Entry 144 ) is granted</u>. RECOMMENDED that the Government's motion to dismiss (Docket Entry 141 ) be granted, that Petitioner's motion to vacate, set aside or correct sentence (Docket Entry 125 ) be dismissed, or in the alternative denied, and that this action be dismissed. IT IS FURTHER RECOMMENDED that Petitioner's motion to file under seal (Docket Entry 140 ), motion for a psychological/psychiatric evaluation (Docket Entry 151 ), motions for the appointment of counsel (Docket Entries 153 and 169 ), motion to continue supervised release (Docket Entry 154 ), motion to dismiss (Docket Entry 165 ), motion for copies (Docket Entry 168 ), and request for transcript (Docket Entry 194 ) all be denied. (Civil Case number: 17CV1036) (Garland, Leah) (Entered: 10/21/2019)*"

On or about October 15, 2019, the Clerk entered a "Notice of Mailing Recommendation: Objections to R&R due by 11/4/2019. Objections to R&R for Pro Se due by 11/7/2019."

On or about November 1, 2019, Appellant filed a timely "Objection by BRIAN DAVID HILL re 210 Recommended Ruling - Magistrate Judge re 168 MOTION filed by BRIAN DAVID HILL, 153 MOTION to Appoint Attorney filed by BRIAN DAVID HILL, 141 MOTION to Dismiss Motion to Vacate, Set Aside, or Correct Sen" under Dkt. 213. It was entered on November 4, 2019, even though received by the Clerk on November 1, 2019. Fraud upon the court allegations against Appellant was also in that particular filing as well.

On or about November 1, 2019, Appellant filed the Dkt. #214 "MOTION FOR LEAVE TO AMEND OR SUPPLEMENT HIS 2255 MOTION by BRIAN DAVID HILL". The purpose of that motion was to amend to his 2255 motion to include a "Ground Five" of fraud upon the court as "fraud upon the court" claims

are not subject to a statute of limitations as challenging fraud upon the court is a Court's inherit and/or an implied power.

On or about November 8, 2019, Appellant filed the Dkt. #217 MOTION entitled "Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill", filed by BRIAN DAVID HILL re: 199 Motion." Response to Motion due by 12/2/2019, but was uncontested. See Joint Appendix 4 (JA 4).

On or about November 20, 2019, the U.S. Magistrate Judge entered an order under Dkt. #219 denying Appellant's motion to amend his 2255 motion under Dkt. #214.

On or about November 21, 2019, Appellant filed the Dkt. #222 MOTION entitled "Petitioner's third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff/Respondent's favor". No response due date entered but was never contested in the district court record. See Joint Appendix 5 (JA 5).

On or about November 25, 2019, Clerk entered a "NOTICE from USCA of Docketing Petition for Writ of Mandamus as to BRIAN DAVID HILL. USCA Case Mgr: Jeffrey Neal; USCA Case Number 19-2338."

On or about November 25, 2019, Appellant filed the Dkt. #226 "NOTICE OF APPEAL without payment of fees by BRIAN DAVID HILL re: 219 Order. Civil Case number: 17CV1036." and a decision is yet to have been made in regards to that appeal as well. That appeal is under case no. 19-7755.

On or about December 31, 2019, on New Year's Eve, the district court

9

entered a final order dismissing the 2255 case under Dkt. #236. Judgment was subsequently entered that same day under Dkt. #237.

On or about January 3, 2020, Appellant filed the Dkt. #238 "NOTICE OF APPEAL without payment of fees by BRIAN DAVID HILL re: 236 Order and 237 Judgment 2255. (Civil Action 1:17CV1036)". That very appeal is for the very case which this informal brief is filed in regards to that very final order and judgment. See Informal Joint Appendix 6 (JA 6).

## IV. SUMMARY OF THE ARGUMENT

The district court erred as a matter of law or abused discretion in dismissing the 2255 action without giving Appellant any opportunity to make any further demonstration, if necessary, that Appellant is actually innocent of his original charge of "possession of child pornography". Appellant was not given any evidentiary hearing in regards to Appellant's evidence and arguments in favor of Appellant's actual innocence. Case law authorities from the U.S. Supreme Court and appellate courts have recognized that actual innocence is a gateway around the statute of limitations. All proof of innocence was filed with the District Court prior to dismissal of the 2255 case. The district court had initiated a miscarriage of justice by not letting Appellant do anything in the 2255 case to show factual innocence. Appellant was never given access to the discovery material for the 2255 case; Appellant was never given full access to the criminal case discovery material prior to falsely pleading guilty. Appellant stated in writing that he was misled (Dkt. #170). Appellant had demonstrated on the record that counsel was ineffective and that Appellant had not been able to review over all of the criminal case discovery material until after he had falsely pleaded guilty. Appellant did not know the kind of defenses he could have had to persuade any reasonable Trier of fact that he was innocent of his charge. The district court had failed to recognize or refused to recognize any and all cumulative evidence concerning Appellant's actual innocence and that his guilty plea may not have been valid and true (Dkt. #171).

The district court erred as a matter of law or abused discretion in adopting the Magistrate Judge's Recommendation under Dkt. #210 without holding any evidentiary hearing addressing both the frauds upon the court allegations and Appellant's claims of actual innocence in the objections (Dkt. #213) of Appellant. When actual innocence claim is a ground of a petitioner's 2255 motion, it is a miscarriage of justice for a district court to ignore or refuse to investigate and hold any hearings in regards to the factual innocence claims and whether it would be substantial to grant the 2255 motion as if it had been filed on time.

The district court erred as a matter of law or abused discretion in dismissing the 2255 action without addressing the specific frauds upon the court allegations against Appellee in Documents #169, #199, #213, #222, #206, and #217. Appellant was not given any evidentiary hearing in regards to Appellant's evidence and arguments over Appellant's allegations of fraud upon the court by an officer of the court (attorney) of Appellee. The Court simply let that issue sleep for another day. Today is that day. Fraud upon the court also adds weight to Appellant's actual innocence as the frauds were directly in regards to the evidence and facts by Appellee of Appellant's alleged guilt in not just the two supervised release judgments but also in regards to the original evidence that was used to indict and convict Appellant of possession of child pornography.

The district court erred as a matter of law or abused discretion in dismissing the 2255 action while sleeping on the issues of any and all cumulative evidence concerning Appellee's frauds upon the court, refusing to hold any hearings over the issue of Appellee's fraud upon the court, and refusing to ask the Appellee as to

12

give explanation(s) as to Appellant's allegations of frauds upon the court (Dkt. #199, Dkt. #206, Dkt. #213, Dkt. #222, Dkt. #217, Dkt. #169, Dkt. 143, and Dkt. #145).

The district court erred as a matter of law or abused discretion in dismissing the 2255 case without entering any judicial decision or action on Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor (Dkt. #199, Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments (Dkt. #206), Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill (Dkt. #217), Petitioner's third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff/Respondent's favor (Dkt. #222), and pending Writ of Mandamus under case no. 19-2338 concerning the district court's inaction on the motions for sanctions. A decision was not made on all motions submitted within the 2255 case prior to dismissing the 2255 action. Especially important decisions regarding matters not subject to the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) law. Actual innocence is not subject to the strict statute of limitations. Fraud upon the court is an inherit power of a court to investigate any allegations of fraud that may be perpetuated by an officer of the court (an attorney licensed to practice law before a court) and is not subject to any statute of limitations.

13

The district court erred as a matter of law or abused discretion in dismissing the 2255 case without first addressing the frauds upon the court and any jurisdictional challenges which are not normally subject to a statute of limitations.

The district court erred as a matter of law or abused discretion in denying Appellant's Motion to Disqualify Judge under Dkt. #195 before denying Appellant's 2255 motion and dismissing the 2255 action when the judge had already shown clear evidence of prejudice and/or bias.

The district court erred as a matter of law or abused discretion in dismissing the 2255 case while there were matters within the 2255 case currently still under pending appeal and taking action(s) on the case over matters which were barred by pending appeal.

## V. <u>**ARGUMENT**</u>

### A.   **Standard of Review**

A district court's decision to dismiss Appellant's 2255 case and 2255 action is reviewed for abuse of discretion and errors. The factual uncontested allegations concerning fraud upon the court, claims and factual evidence of actual innocence, and any other issues underlying that dismissal are reviewed for clear error. *Id.*

When reviewing the order of dismissal of the 2255 motion and its other supporting documents that was imposed by a district court for the 2255 case and its reasonableness, this Court reviews the dismissal for abuse of discretion.

When reviewing the dismissal of the 2255 motion for clear error or abuse of

discretion regarding denying Appellant's request for an evidentiary hearing (Dkt. #169). *Goldblum v. Klem*, 510 F.3d 204, 214-15 (3d Cir. 2007) ("We review the district court's decision to deny an evidentiary hearing for abuse of discretion. *See Schriro v. Landrigan*, ___ U.S. ___, 127 S.Ct. 1933, 1939, 167 L.Ed.2d 836 (2007)."). *Wolfe v. Johnson*, 565 F.3d 140, 144 (4th Cir. 2009) ("Wolfe also contends that the district court erred in failing to address his claim of actual innocence, presented as a procedural "gateway" for the adjudication of otherwise defaulted substantive claims, under *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (the " *Schlup* issue"), and by declining to conduct an evidentiary hearing and to permit relevant discovery."). *Juniper v. Zook*, 876 F.3d 551, 556 (4th Cir. 2017) ("we conclude that the district court abused its discretion in dismissing Petitioner's *Brady* claim without holding an evidentiary hearing because it failed to assess the plausibility of that claim through the proper legal lens."). *Wolfe v. Johnson*, 565 F.3d 140, 160 (4th Cir. 2009) ("*See Barbe v. McBride*, 521 F.3d 443, 452 (4th Cir. 2008). We review for abuse of discretion, however, such a court's decision not to conduct an evidentiary hearing. *See Conaway v. Polk*, 453 F.3d 567, 582 (4th Cir. 2006). A court necessarily abuses its discretion when it makes an error of law. *See id.* Finally, in assessing whether a § 2254 claim has been "properly dismissed without an evidentiary hearing or discovery," we must evaluate its underlying allegations pursuant to the principles of Federal Rule of Civil Procedure 12(b)(6). *Id.*")

When reviewing the dismissal of the 2255 motion for clear error or abuse of discretion regarding Appellant's actual innocence claim and factual claims in

support of his actual innocence, this Court reviews the dismissal for abuse of discretion or for constitutional error. *Bousley v. United States*, 523 U.S. 614, 622 (1998) "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," *Murray* v. *Carrier*, <u>477 U.S. 478, 485</u> (1986); *Wainwright* v. *Sykes*, <u>433 U.S. 72, 87</u> (1977), or that he is "actually innocent," *Murray*, *supra*, at 496; *Smith* v. *Murray*, <u>477 U.S. 527, 537</u> (1986)." United States v. Fugit, 703 F.3d 248, 253-54 (4th Cir. 2012) "A procedural default, however, may be excused in two circumstances: where a person attacking his conviction can establish (1) that he is "actually innocent" or (2) "cause" for the default and "prejudice" resulting therefrom. Id. at 622, 118 S.Ct. 1604. While a successful showing on either actual innocence or cause and prejudice would suffice to excuse the default".

One of Appellant's grounds for his 2255 case was ineffective counsel which would be appropriate for why he had falsely plead guilty as further outlined in his brief / memorandum of law in Document #128. Ross v. United States, 1:17CV443, at \*10 (M.D.N.C. Oct. 22, 2019) "*As an initial matter, Petitioner's ineffective assistance of counsel arguments also implicate an argument that his plea was not knowing and voluntary. Even an appeal waiver does not cut off a petitioner's right to challenge the voluntariness of a guilty plea. United States v. McCoy, 895 F.3d 358, 364 (4th Cir.), cert. denied, \_\_\_ U.S. \_\_\_, 139 S. Ct. 494 (2018) (noting that a waiver of appeal rights does not cut off a petitioner's right to challenge the validity of the plea itself when the petitioner challenges the underlying factual basis)*."

Appellant had challenged the factual basis by demonstrating that his confession on August 29, 2012, was a false confession. With his confession shown to be false, the download dates in the State Bureau of Investigation report that were reported to being eleven (11) months when Appellant didn't even have his computer, shows the very facts favorable to Appellant's actual innocence claims was never brought up by any of his court appointed counsels'. Appellant had demonstrated that counsel was ineffective and that such ineffectiveness had prejudiced him to the extent where he had falsely plead guilty instead of going to trial (Dkt. #171).

Conversely, this Court reviews questions of law in S e c t i o n  2255 cases *de novo*, including the interpretation of the statute governing Section 2255 cases and the Constitution of the United States.

This court reviews as a supervisory authority when a lower court fails to do its duty and fails to do something as a matter of law. When a lower court refuses to take fraud upon the court into consideration for Appellant's 2255 case, and refuses to investigate the fraud upon the court and how it relates to Appellant's actual innocence, this court has supervisory power to review the lower court's failure or refusal to follow its duties.

"No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen the old wound and once more probe its depths. And it is then as though trial and adjudication had never been." 10/13/58 *FRITTS v. KRUGH.* SUPREME COURT OF MICHIGAN, 92 N.W.2d 604, 354 Mich. 97.

17

When an officer of the court is found to have fraudulently presented facts to impair the court's impartial performance of its legal task, the act (known as fraud upon the court) is not subject to a statute of limitation. Kenner v. C.I.R., 387 F.2d 689, 691 (7th Cir. 1968). Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005); see also, generally 18 U.S.C. § 242 ("Deprivation of rights under color of law"); 18 U.S.C. § 371 ("Conspiracy to commit offense or to defraud United States"); 18 U.S.C. § 1001(a) ("Statements or entries generally"). Appellees have used fraudulent facts of a (1) confession when a confession purported as a fact of guilt is false, and (2) a forensic report with highly questionable information which cannot establish a true fact of guilt. Information in the SBI report had stated that "images of interest" or "videos of interest" were allegedly found in the computer but cannot confirm whether each file was indeed child pornography. The download dates stating that "454 files had been downloaded with the eMule program between July 20, 2012, and July 28, 2013". The computer was reportedly seized on August 28, 2012, from the Government's own purported facts. So for eleven months child pornography allegedly downloaded to Appellant's seized computer when he didn't even have his computer on record. Appellant didn't just shown that his guilty plea wasn't valid by demonstrating that the facts of guilt were fraudulent, but that the entire case was prosecuted on fraudulent facts, on contradictory evidence which should not have held up in any impartial trial with effective assistance of counsel. This court has a right to review and absolutely must grant a certificate of appealability to review over the issues of dereliction of duty involving proven frauds upon the court and fraud allegations being uncontested by the Appellees on

18

record.

Officer of the court in general includes any judge, law clerk, court clerk, lawyer, investigator, probation officer, referee, legal guardian, parenting-time expeditor, mediator, evaluator, administrator, special appointee, and/or anyone else whose influence is part of the judicial mechanism.

**B.**    **Argument**

**i.**    **The district court erred as a matter of law or abused discretion in dismissing the 2255 case while there were matters within the 2255 case currently still under pending appeal and taking action(s) on the case over matters which were barred by pending appeal.**

The district court erred as a matter of law or abused discretion in dismissing the entire 2255 case while certain earlier decisions of the 2255 case were still under pending appeal. Actions were taken by the district court that were barred by pending appeals. *See, Federal Rules of Crim. Procedure, Rule 37. Indicative Ruling on a Motion for Relief That Is Barred by a Pending Appeal (Dec. 1, 2012).*

The District Court dismissed the entire 2255 case while two decisions of that 2255 case were under pending appeal, which interferes with the Court of Appeal's ability to take any actions for those appeals before making a final decision which could ultimately affect those earlier pending appeals.

Appellant filed the Dkt. #203 "NOTICE OF APPEAL without payment of fees filed by BRIAN DAVID HILL re: 198 Order", and that exact order denied the motion for recusal of Thomas D. Schroeder of the district court from this case. Because that order was appealed, the district court made a decision which negatively and unfairly affected Appellant and deprived him of his constitutional rights due to a possibly biased, partial, or even prejudiced judge. The district court did not wait for the outcome of the appeal under case no. 19-7483 before making a permanent decision to dismiss the 2255 case and not even

20

make a decision or order on the pending "Sanctions motions". Appellant had also filed the #226 "NOTICE OF APPEAL without payment of fees by BRIAN DAVID HILL re: 219 Order. Civil Case number: 17CV1036", case no 19-7755 and the denial of the motion to amend the 2255 motion under Dkt. #125 to add a ground of "fraud upon the court" by an officer of the court named Anand Prakash Ramaswamy had been appealed a month prior to the District Court's decision to dismiss the entire 2255 case without allowing the Court of Appeals to render a decision or even to grant a certificate of appealability. The dismissal had interfered with both U.S. Court of Appeals case nos. 19-7755 and 19-7483. Even if either appeal may be granted and remanded, those potential actions and review of both cases by this court have been foiled by the dismissal of the entire 2255 case. So the District Court had erred or abused discretion by disregarding the patience of waiting for the Fourth Circuit U.S. Court of Appeals to render any appellate decisions regarding earlier orders/decisions on motions in the 2255 case prior to dismissing the entire case outright. The District Court wrongfully usurped power away from the Court of Appeals in a rush to dismiss the entire 2255 action, even with the possibility that the higher court may find that the Hon. Thomas D. Schroeder should recuse himself from the entire criminal case including the 2255 case. It wrongfully usurps the appeal process, deprives Appellant of due process. Also that action was entered when the District Court did not have jurisdiction to have dismissed the entire 2255 case while motions concerning the 2255 case were already under pending appeal that affects the legal outcome of the 2255 case.

A judgment is void, and therefore subject to relief under Rule

21

60(b)(4), only if the court that rendered judgment lacked jurisdiction or in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process. United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990). The District Court plainly usurped the power of the Court of Appeals by dismissing the entire 2255 case. It interferes with the potential of the appeal to amend the 2255 motion being possibly granted, and if granted the appeal would be useless since the District Court had already dismissed the entire case. The District Court clearly had unlawfully usurped power by the order to dismiss the 2255 case. When a District Court consistently instructs a criminal defendant that he/she has the right to direct appeal of a final decision in a case, but the decision appealed can later be cut off by dismissing the entire case before the appeals were entirely exhausted, it blocks the Appeals Court from possibly entering a decision that is adversarial to the District Court's original decision. It is essentially a judicial coup d'état. There was also the Writ of Mandamus that was filed in November, 2019 (Dkt. #224), case no. 19-2338, that was also pending regarding the District Court's inability to enter any order or decision regarding motions in the 2255 case to sanction the Appellees for fraud upon the court. The dismissal of the entire 2255 case affects those motions for sanctions, especially the motion asking for default judgment since the dismissal of an entire case makes the motion asking for default judgment as moot. However a District Court cannot simply just enter a decision to thwart possibly unfavorable decisions to a district court judge. A judge cannot usurp the higher court by simply making final decisions that affect the pending appeals. He is asserting a want-of-jurisdiction

where he clearly had none to have even entered a final judgment over the 2255 case. He is taking jurisdiction of appealed issues out of the Courts of Appeals and into his own hands like a dictator. So the decision to dismiss the entire 2255 case lacks jurisdiction and is an unlawful usurpation of power.

A court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction in a particular case only, and undertakes to exercise the jurisdiction conferred in a case to which the statute has no application, the judgment rendered is void. The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments § 25, pp. 388-89.

ii.   **The District Court erred or abused discretion in failing to recognize or refusing to recognize any and all cumulative evidence concerning Appellant's actual innocence and that his guilty plea may not have been valid and true (Dkt. #171) and in adopting the Magistrate Judge's Recommendation.**

The district court erred or abused discretion in adopting the Magistrate Judge's recommendation (Dkt. #219) without holding any evidentiary hearing to find whether the cumulative filed evidence was sufficient to find that Appellant was actually innocent of the original charge and conviction of possession of child pornography, and to disprove the factual basis of guilt which part of that would be sufficient to withdraw a falsely entered guilty plea due to ineffective counsel. There was enough cumulative evidence to establish that there was enough to possibly

demonstrate any fact whatsoever of actual innocence or justifies an evidentiary hearing to sort out all of the cumulative evidence, appoint counsel to Petitioner to aid in sorting the evidence out, and allow for any further investigation and inquiry to finalize any further facts for actual innocence if necessary to allow the District Court to grant the 2255 Motion (Dkt. #125) on the ground of actual innocence that is not subject to the statute of limitations.

The District Court ignores Brian's, his family's proof of a setup, that Brian is innocent of the initial charge of child porn possession.

As to the proof documents on Brian's 2255 Motion, you would have to know the dates of Mayodan police department claims that alleged child porn was downloaded on Brian's laptop computer (July 20, 2012 to July 27. 2012) dates that the North Carolina State Bureau of Investigation (SBI) report claim (July 20, 2012 until July 28, 2013) as well as the date police raid on Brian's house Mayodan police and when they took this computer (August 28, 2012). These dates are the Government's Discovery Proof from Mayodan police & NC SBI report.

Threat emails Brian received in 2013 & 2015: Brian's 2255 Motion, Document 71-1; Document #131, Filed 11/14/17, Page 70-71. Town of Mayodan knew Brian's address before he was set up with child porn. Email Brian sent to town of Mayodan on 3/12/2012. Document #132, Filed 11/14/17, Page 42.

Brian wrote an article on July 12, 2012 on the Internet that he was afraid of the Mayodan police chief and was afraid that they were going to try to arrest him or his mom eight days before the alleged child porn was put on Brian's computer. For proof see Page id. 78-81. Mayodan police report: Discovery used by the

24

52 Brian was speaking at Mayodan town hall meetings March, April, May, July 9, 2012. (id. Page 95) Proof in court records in 2014, in Brian's 2255 Motion. Connections between Investigators & Politicians Unethical & Conflict of interest. (id. Document Page 57-68). Proof documents that Brian was writing articles on his USWGO website about these people on July (id. Page 98), Viruses (Document #131, pg. 79-89).

Affidavit from Brian's mom that she was called by someone about her being a third party custodian in December, 2013 maybe letting Brian come home under the Adam Walsh sex act before Brian's case even went to trial. Neither he nor his family would be allowed to have a phone, etc. Document #131, Filed 11/14117, Page 1-2. Brian was not given any insulin his first days in jail, and he is a brittle insulin dependent diabetic. Many Medical documents prove cruel & unusual punishment while Brian was in the jail system in NC: Page 3-18. On many court days Brian was not given insulin until that evening. Doctor's prescription since February, 1992 is 4 or more insulin shots per day. He was taken to Cone Hospital on 11/7/2014 with hyperglycemia (glucose over 500): Page 19-21. Brian was already treated like he was guilty under the Adam Walsh Act before he even went to trial. After falsely pleading guilty, he was treated better and had better Probation conditions than had he been out on bond in 2014. The proposed bond conditions of Appellant not being allowed to use a telephone, even for emergency phone calls and neither to contact his attorney or even the pre-trial services officer was unreasonable bond conditions. He had better conditions under Supervised Release after falsely pleading guilty. None of that was right. He was supposed to have been presumed innocent and all the

bond conditions should have assured was that Brian would appear at every court hearing. Had the bond conditions been reasonable, it would have given Appellant a better chance to prepare for the jury trial instead of relying on his unreliable court appointed lawyer Eric David Placke who admitted that he had nothing prepared for the jury trial and insisted that Appellant falsely plead guilty.

Brian's family sent emails to his court appointed attorney explaining about Brian's health (autism, etc), witness affidavits, etc. in December, 2013. Found out while sending these to Brian's mom in March, 2017 that Yahoo email had a note that Placke had deleted all attachments. They had sent this proof to the court: (Document #131, Page 25-35).

Read Document #134, Filed 11/14/17, Page 76-87. This is his mom (Roberta Hill)'s eye witness account as she is Brian's main caregiver trained in autism, was a nurses aid in NC, was at the Mayodan Police Station when Brian confessed falsely to downloading it and was at the June & September, 2014 court hearings. She also read the discovery materials (police report & NC SBI report).

This was the reason Brian took the guilty plea as recorded in a supplement in his 2255. See Document #134, Page 50. This attorney did use the benefit or a threat of harm the night before on the phone to Brian's family when he told Brian's family to tell Brian to plead guilty: There is a common law rule in the Fifth Amendment of our Constitution; the rationale was the unreliability of the confession's contents when induced by a promise of benefit or a threat of harm. Attorney Placke admitted to the court that he was not prepared for jury trial. Document #18. Filed 06/04/14, Page 1-4. What was further brought out under Affidavit (Declaration) was that Appellant

26

never got to review all of the discovery material. A question regarding that was never asked at the Rule 11 hearing on June 10, 2014. Appellant pled guilty without reviewing over all of the discovery materials and his court appointed lawyer assumed that his confession was a fact of guilt (Dkt. #171). After Appellant cross examined the police report of his confession and other materials he had access to, despite still not having the SBI report from the Government, he was able to prove that he gave false confession statements.

These detectives in Mayodan police report claim they are familiar with the child porn that they claimed was in this laptop computer. The US government revealed in the Presentence Investigation Report in paragraph #13, Document #33, Filed 09/16/2014, page 6 of 26 that none of the children have been identified as part of a known series by the National Center for Missing and exploited Children.

Constitutional laws broken: Amendment VIII; Fifth Amendment of our Constitution; Fourth Amendment, etc.

WITNESS accounts ignored by the district court: Attorney Susan Basko's Declaration Document #46, Filed 09/30/14, Page 1-3. Susan Basko is a lawyer for independent media, Attorney/Counsellor of the Supreme Court of the United States. (Stella Forinash) in Document #134, Filed 11114/17, Pages 34-72; Kenneth R. Forinash, TSgt, USAF, Ret) Id. Pages 73-75; Roberta Hill) Pages 76-87. Court never got a medical expert: (Id. pages 88-99).

A false confession is an admission of guilt for a crime for which the confessor is not responsible or should not be held responsible for. False confessions can be induced through coercion or by the mental disorder or incompetency of the accused.

27

Proof of Brian's actual innocence, set up threats in 2013/2015, ineffective attorneys, and fraud upon the court are in various documents in Brian's 2255 Motion in November & December 2017. For more information see Stella Forinash's investigation & witness proof, Document #213, Filed 11/01/19, Page 91-137.

Both attorneys had admitted in court that they had ignored all of Brian's witnesses in the hearing dated September 30, 2014 (Dkt. #115) (violates State Bar Rule 3.8, Model Rules of Professional Conduct).

With all of the evidence cumulatively filed with the District Court, there is more than enough to warrant an evidentiary hearing to sort out the voluminous material, allow either party to ask the Court to pay for private investigators to sort through the hundreds to thousands of pages submitted by Appellant to determine if enough evidence was presented warranting proof of actual innocence to grant Appellant's 2255 motion as if it were timely filed for proving factual innocence to prevent a miscarriage of justice.

iii.   **The district court erred or abused discretion in dismissing the 2255 case without entering any judicial decision or judicial action on Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor (Dkt. #199, Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments (Dkt. #206), Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill (Dkt. #217), Petitioner's third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff/Respondent's favor (Dkt. #222), and pending Writ of Mandamus under case no. 19-2338 concerning the district court's inaction on the motions for sanctions.**

This Court should extend and/or modify existing case law to hold that the

28

district court abused its discretion or erred when it dismissed Appellant's 2255 motion and entire 2255 case without first making decisions on the pending motions leftover in the 2255 case such as Appellant's Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor (Dkt. #199, Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments (Dkt. #206), Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill (Dkt. #217), Petitioner's third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff/Respondent's favor (Dkt. #222). As stated above, this Court should extend and/or modify existing law to find that Appellant had a constitutional right to prove his factual innocence instead of being met with a procedural default and that Appellant also had a inherit or constitutional right under due process to challenge jurisdiction of possibly any void judgments and to challenge any discovered frauds upon the court. The District Court should have compelled answers from the Government counsel(s) in regards to any alleged facts and evidence and/or arguments demonstrating that an officer of the court (an attorney) had engaged in a fraud upon the court, and that such fraud was directed at the judicial machinery to deprive the other party or parties of a fair and impartial judicial proceedings and orders/judgments. Fraud upon the court deprives the victimized party from receiving due process, and a judicial tribunal with integrity, honesty, and fairness. An evidentiary hearing should have been conducted in

regards to the allegations of fraud upon the court. The District Court clearly abused discretion in ignoring and sleeping on the issue of fraud upon the court before dismissing the entire 2255 case while there were pending fraud upon the court sanctions motions inside of the 2255 case that were never decided upon. Investigating fraud upon the court or responding to a jurisdictional challenge shouldn't be just discretionary, it is mandatory. *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994) ("Unlike its counterparts, Rule 60(b)(4), which provides relief from void judgments, "is not subject to any time limitation." *V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 224 n. 9 and accompanying text (10th Cir. 1979) ("if a judgment is void, it is a nullity from the outset and any 60(b)(4) motion for relief is therefore filed within a reasonable time"); *see also Venable v. Haislip,* 721 F.2d 297, 299-300 (10th Cir. 1983). Furthermore, when Rule 60(b)(4) is applicable, "relief is not a discretionary matter; it is mandatory." *V.T.A., Inc.,* 597 F.2d at 224 n. 8; *see also Venable,* 721 F.2d at 300. "). *United States v. Williams*, 790 F.3d 1059, 1071 (10th Cir. 2015) ("The courts' interest in correcting a fraud on the court stems from "far more than an injury to a single litigant." *Hazel–Atlas,* 322 U.S. at 246, 64 S.Ct. 997. Instead, our primary objective when correcting a fraud on the court is to redress harm to "the integrity of the judicial process." *United States v. Estate of Stonehill,* 660 F.3d 415, 444 (9th Cir.2011) (internal quotation marks omitted). Although a court may "vacate its own judgment upon proof that a fraud has been perpetrated upon the court," it may also "fashion an appropriate sanction" short of disturbing an otherwise valid judgment. *Chambers,* 501 U.S. at 44, 111 S.Ct. 2123. Such sanctions include assessing attorney fees against the culpable party, *id.* at 46, 111

S.Ct. 2123, or suspension, disbarment, or other reprimand against the attorney who abuses the judicial process, *Eash,* 757 F.2d at 561. Any relief a party may obtain when we correct a fraud on the court is subordinate to our primary interest in restoring the court's integrity."). *United States v. Williams,* 790 F.3d 1059, 1071 (10th Cir. 2015) ("In the years immediately after Congress passed AEDPA, precedent from this court and other circuits acknowledged the possibility that a court might have jurisdiction to consider a second or successive petition, despite § 2255's procedural bar, where the petition alleges fraud on the court. *See, e.g., United States v. McVeigh,* 9 Fed.Appx. 980, 983 (10th Cir.2001) (unpublished) (considering a petitioner's argument that the prosecution committed fraud on the court and assuming "the existence of a fraud on the court exception to the gatekeeping requirements and affirmative limitations in § 2255 applicable to second or successive motions"); *Fierro v. Johnson,* 197 F.3d 147, 153 (5th Cir.1999) (recognizing the potential that the inherent power to correct fraud on the court may give life to a challenge that AEDPA's procedural bars would otherwise forbid).")

An abuse of discretion occurs when the district court demonstrates an arbitrary insistence upon expeditiousness in the face of a justifiable request for investigating the frauds upon the court then considering that the cumulatively and repeated pattern of frauds by Appellee may warrant vacatur of all void judgments..

The power to vacate and investigate frauds upon the court can be brought up in a collateral attack or brought up directly, but is not vested solely in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Therefore the fraud upon the court claims in the sanctions motions are not restricted to a one-year statute of

limitations that would normally apply under AEDPA. Congress did not intend to pass AEDPA to permanently block and bar a Court from correcting frauds that were perpetuated against its judicial machinery.

### iv. This Court should extend and/or modify existing law to hold that the district court abused its discretion in denying Appellant's 2255 motion and dismissing the 2255 action without addressing the frauds upon the court and any jurisdictional challenges which are not normally subject to a statute of limitations.

This Court should extend and/or modify existing law to hold that the district court abused its discretion when it dismissed Appellant's 2255 case until after the sanctions motions in regards to the Court's inherit powers for any proven frauds upon the court and motion for default judgment was properly disposed of by either being granted, hold an evidentiary hearing, conduct an investigation into the reported frauds, and/or grant or deny those motions on its merits. As stated above, this Court should extend and/or modify existing law to find that Appellant had a constitutional right to report any discovered frauds that were perpetuated upon the judicial machinery by an officer of the court. That includes the frauds perpetuated by the U.S. Probation Officers (Edward Cameron, Kristy L. Burton, any others involved in defrauding the court) and the U.S. Attorney Office (Anand Prakash Ramaswamy).

Joyce v. United States, 474 F.2d 215, 219 (3d Cir. 1973) ("Where there is no jurisdiction over the subject matter, there is, as well, no discretion to ignore that lack of jurisdiction. See F.R.Civ.P. 12(h)(3), supra note 1.").

*Rosemound Sand Gravel Co. v. Lambert Sand*, 469 F.2d 416, 418 (5th Cir. 1972) ("Generally, a plaintiff's allegations of jurisdiction are sufficient, but when

they are questioned, as in this case, the burden is on the plaintiff to prove jurisdiction. McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Welsh v. American Surety Co., 5 Cir. 1951, 186 F.2d 16; 5 C. Wright A. Miller, *supra* § 1363 at 653."). So if the Appellant accuses the Court of not having jurisdiction, the burden shifts to the court to prove jurisdiction.

"A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property." Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.

*Rescue Army v. Municipal Court*, 28 Cal.2d 460, 475 (Cal. 1946) ("the lower court would have no jurisdiction to proceed with a prosecution and a higher court could issue a prerogative writ to stay such prosecution at any point. ( *Antilla* v. *Justice's Court,* 209 Cal. 621 [ 290 P. 43].)"). In other words, A **court has no jurisdiction to determine its own jurisdiction**, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance.

"Where a court failed to observe safeguards, it amounts to **denial of due process of** law, court is deprived of juris." Merritt v. Hunter, C.A. Kansas 170 F2d 739.

*Long v. Shorebank Development Corporation*, 182 F.3d 548, 561 (7th Cir. 1999) ("A void judgment, "that is, one entered by a court which lacks jurisdiction over the parties, the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court,

33

either directly or collaterally, provided that the party is properly before the court." People ex rel. Brzica v. Village of Lake Barrington, 644 N.E.2d 66, 69-70 (Ill.App.Ct. 1994). By contrast, an attempt to set aside a voidable judgment — one procured through fraud after the court has already acquired subject matter jurisdiction — must be direct. See Orrway Motor Serv., Inc. v. Illinois Commerce Comm'n, 353 N.E.2d 253, 256 (Ill.App.Ct. 1976) ("The attack [on a voidable judgment] . . . must be direct, for the purpose of establishing by other evidence the untruthfulness of the record.") (quoting Kavanagh v. Hamilton, 125 P. 512, 515 (Colo. 1912)).").

*Rook v. Rook*, 233 Va. 92, (Va. 1987) ("However, a void judgment which has been procured by extrinsic or collateral fraud, or which was entered by a court that did not have jurisdiction, may be attacked in any court at any time, directly or collaterally, and thus constitutes an exception to Rule 1:1.")

There were fraud upon the court challenges in the 2255 case. Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor (Dkt. #199, Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments (Dkt. #206), Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill (Dkt. #217), Petitioner's third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff/Respondent's favor (Dkt. #222), and pending Writ of Mandamus under case no. 19-2338

34

concerning the district court's inaction on the motions for sanctions. All of them were a perfectly good reason with evidence to challenge jurisdiction. Fraud upon the court opens up jurisdiction, and not even the Anti-Terrorism and Effective Death Penalty Act as contained in 28 U.S.C. § 2255, paragraph 6, can bar jurisdiction over matters challenging a jurisdiction and over matters of fraud upon the court. Actual innocence is not subject to a statute of limitations and thus opens jurisdiction. Any proven frauds upon the court also gravitates towards actual innocence, as any fraud in regards to the guilt of a criminal defendant is a nullity of fact and does not prove guilt but would prove innocence. No reasonable Trier of fact would convict an innocent man who was able to prove any facts of fraud by the prosecutor at trial.


It is an abuse of discretion or err when a District Court has an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request to vacate and investigate frauds upon the court.

Appellant is entitled to default judgment for proving a repeated pattern of fraud and showing any facts of fraud, especially when the allegations of showing facts of fraud by Appellees are uncontested. *See In re the Adoption of E.L*, 315 Ill. App. 3d 137, 138 (Ill. App. Ct. 2000) ("E.L. J.L. filed verified petitions seeking to set aside the adoption based on lack of jurisdiction and fraud. After J.L. moved for summary judgment on the petitions, the trial court vacated the final judgment order of adoption and proceeded to hold a custody hearing pursuant to section 20 of the Adoption Act."). *In re the Adoption of E.L*, 315 Ill. App. 3d 137, 154 (Ill. App. Ct. 2000) (""A void judgment or order is one that is entered by a court lacking

35

fraud and showing any facts of fraud, especially when the allegations of showing

facts of fraud by Appellees are uncontested. *See In re the Adoption of E.L*, 315 Ill.

App. 3d 137, 138 (Ill. App. Ct. 2000) ("E.L. J.L. filed verified petitions seeking to

set aside the adoption based on lack of jurisdiction and fraud. After J.L. moved for

summary judgment on the petitions, the trial court vacated the final judgment

order of adoption and proceeded to hold a custody hearing pursuant to section 20

of the Adoption Act."). *In re the Adoption of E.L*, 315 Ill. App. 3d 137, 154 (Ill.

App. Ct. 2000) (""A void judgment or order is one that is entered by a court

lacking jurisdiction over the parties or the subject matter, or lacking the inherent

power to enter the particular order or judgment, or where the order was procured

by fraud." Miller v. Balfour, 303 Ill. App.3d 209, 215, 707 N.E.2d 759 (1999).").

*In re the Adoption of E.L*, 315 Ill. App. 3d 137, 154 (Ill. App. Ct. 2000) ("Courts

distinguish between fraud which prevents a court from acquiring jurisdiction or

merely gives the court colorable jurisdiction, and fraud occurring after the court's

valid acquisition of jurisdiction, such as false testimony or concealment. Massie v.

Minor, 307 Ill. App.3d 115, 119, 716 N.E.2d 857 (1999); M.B., 235 Ill. App.3d at

377-78; Falcon v. Faulkner, 209 Ill. App.3d 1, 13, 567 N.E.2d 686 (1991); Noble,

192 Ill. App.3d 501, 509, 548 N.E.2d 518 (1989). Only judgments procured by the

former type of fraud are void. M.B., 235 Ill. App.3d at 377-78; Falcon, 209 Ill.

App.3d at 13; Noble, 192 Ill. App.3d at 509. This type of fraud is sometimes

referred to as "extrinsic fraud," which is defined as fraud that occurs in situations

where an unsuccessful party has been prevented from fully exhibiting his case by

being kept away from the court or is kept from gaining knowledge of the suit. See

Massie, 307 Ill. App.3d at 119; Falcon, 209 Ill. App.3d at 13. ").

*Irving v. Rodriquez*, 27 Ill. App. 2d 75, 79 (Ill. App. Ct. 1960) ("Void judgments generally fall into two classifications, that is, judgments where there is want of jurisdiction of the person or subject matter and judgments procured through fraud. Ward v. Sampson, 395 Ill. 353, 70 N.E.2d 324; I.L.P. Judgments, Sections 174 and 175. They may be attacked directly or collaterally. Escue v. Nichols, 335 Ill. App. 244, 81 N.E.2d 652, Rompza v. Lucas, 337 Ill. App. 106, 85 N.E.2d 467.")

When an officer of the court is found to have fraudulently presented facts to impair the court's impartial performance of its legal task, the act (known as fraud upon the court) is not subject to a statute of limitation. See Kenner v. C.I.R., 387 F.2d 689, 691 (7th Cir. 1968), Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005); see also, generally 18 U.S.C. § 242 ("Deprivation of rights under color of law"); 18 U.S.C. § 371 ("Conspiracy to commit offense or to defraud United States"); 18 U.S.C. § 1001(a) ("Statements or entries generally").

Therefore Appellant's 2255 case should not have been subject to dismissal.

v.     **This Court should extend and/or modify existing law to hold that the district court erred or abused discretion by dismissing Appellant's 2255 case and denying the 2255 motion despite existing case law ruling by the Supreme Court that actual innocence is not subject to the statute of limitations under 28 U.S.C. § 2255.**

This Court should extend and/or modify existing law to hold that the district court abused its discretion when it dismissed Appellant's 2255 case when existing case law from the U.S. Supreme Court and other circuits held that actual

37

innocence is not subject to a statute of limitations, and that other circuits have also

held that the 2255 Petitioner should have an opportunity to show factual innocence

before a Court would even consider dismissing the 2255 motion/petition.

"[F]or a claim to be viable through a § 2255 petition, it must [first] be raised

on direct appeal." Brooks v. United States, 2007 WL 2688228, at *2 (E.D. Va. Sept.

5, 2007) (citing United States v. Frady, 456 U.S. 152, 162, 165 (1982)). But

Petitioner in that cited case did not raise this claim on direct appeal. Thus, he is

barred from doing so via a collateral attack, United States v. Mikalajunas, 186 40

F.3d 490, 492-93 (4th Cir. 1999), unless he can demonstrate at least one of two

possible exceptions see e.g., House v. Bell, 547 U.S. 518, 536-37 (2006)

(establishing that a petitioner can overcome procedural default by asserting either: (1)

actual innocence; or (2) cause and prejudice for failure to raise the issues on direct

appeal). One of those exceptions-actual innocence-is particularly relevant here as it

provides both a potential excuse for Petitioner's default, as well as a freestanding

justification to vacate his criminal sentence.

*See McQuiggin v. Perkins*, 569 U.S. 383, (2013) ("Actual innocence, if

proved, serves as a gateway through which a petitioner may pass whether the

impediment is a procedural bar, as it was in *Schlup* v. *Delo*, 513 U.S. 298, 115 S. Ct.

851, 130 L. Ed. 2d 808, and *House* v. *Bell*, 547 U.S. 518, 126 S. Ct. 2064, 165 L.

Ed. 2d 1, or expiration of the AEDPA statute of limitations, as in this case. Pp. 391-

398, 185 L. Ed. 2d, at 1030-1034.").

The District Court could have considered the "fraud upon the court" evidence,

facts, and allegations as newly discovered evidence as any new frauds perpetuated

38

by the Appellees' could not have been discovered at an earlier time than during the commission of perpetuating the frauds.

*U.S. v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) ("The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. See Murray v. Carrier, 477 U.S. 478, 488 (1986). And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. See id. at 496."). *United States v. Jones*, 758 F.3d 579, 581 (4th Cir. 2014) ("In making this argument, he relies on the recent Supreme Court decision in *McQuiggin v. Perkins*, —— U.S. ——, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), which held that a defendant who demonstrates actual innocence *of his crime of conviction* may, in extraordinary circumstances, proceed with a habeas petition that otherwise would have been statutorily time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Jones asks that we extend *McQuiggin's* holding to provide relief to defendants who demonstrate actual innocence *of their sentences,* thus providing Jones an avenue to bypass § 2255(f)(4)'s 1–year statute of limitations. ").

*U.S. v. Barrett*, 178 F.3d 34, 48 (1st Cir. 1999) ("To establish "actual innocence," a "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 118 S.Ct. at 1611 (internal quotation marks omitted). ")

*U.S. v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("To the extent that these cases

were concerned with the status of a petitioner's claim under pre-AEDPA abuse of the writ law, they may have been narrowed, in effect, by the holding of the Supreme Court in *Bousley v. United States*, 118 S.Ct. 1604 (1998). *Bousley* did not address the savings clause, but did hold on a federal prisoner's first petition under § 2255 that "cause" excusing failure to make an argument was not shown by the "futility" of the argument. *See id.* at 1611, *cited in Simpson*, 1999 WL 257319, at *11-12. But *Bousley* retained <u>an actual innocence exception and remanded the case so petitioner had the opportunity to show his actual innocence</u>. *See id.* at 1611-12.").

*Goldman v. Winn*, 565 F. Supp. 2d 200, 203 (D. Mass. 2008) ("However, it has repeatedly emphasized that a claim of actual innocence will have a mechanism for review, including under § 2241 if § 2255 is unavailable. The standard for demonstrating actual innocence has been developed in the procedural default context, where courts recognize that a meritorious showing of actual innocence permits collateral review of claims otherwise defaulted by a petitioner's failure to raise them earlier.")

*Goldman v. Winn*, 565 F. Supp. 2d 200, 222 (D. Mass. 2008) ("Moreover, even if Goldman was not sufficiently diligent, his showing of actual innocence is sufficient to excuse that lack of diligence. Cf. United States v. Powell, 266 Fed. App'x. 263 (4th Cir. Feb. 21, 2008) (unpublished) (vacating lower court decision that had found actual innocence could not excuse failure to diligently pursue state court vacatur, but making no ruling on this issue). Permitting actual innocence to excuse a lack of diligence serves the essential purpose of the actual innocence exception to prevent procedural bars from permitting a fundamental miscarriage of

justice to be perpetuated. See Barrett, 178 F.3d. at 53 (reserving ruling on whether showing of actual innocence could waive statutory restrictions). ")

The miscarriage of justice exception, "our decisions bear out, survived AEDPA's passage." In Calderon v. Thompson, 523 U. S. 538 (1998), "we applied the exception to hold that a federal court may, consistent with AEDPA, recall its mandate in order to revisit the merits of a decision. Id., at 558 ("The miscarriage of justice standard is altogether consistent . . . with AEDPA's central concern that the merits of concluded criminal proceedings not be revisited in the absence of a strong showing of actual innocence."). In Bousley v. United States, 523 U. S. 614, 622 (1998), we held, in the context of §2255, that actual innocence may overcome a prisoner's failure to raise a constitutional objection on direct review. Most recently, in House we reiterated that a prisoner's proof of actual innocence may provide a gateway for federal habeas review of a procedurally defaulted claim of constitutional error. 547 U.S., at 537-538." "These decisions "see[k] to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case." Schlup, 513 U. S., at 324. Sensitivity to the injustice of incarcerating an innocent individual should not abate when the impediment is AEDPA's statute of limitations."

> **vi.** **This Court should extend and/or modify existing law to hold that the district court abused its discretion in denying Appellant's Motion to Disqualify Judge under Dkt. #195 before denying Appellant's 2255 motion and dismissing the 2255 action when the judge had already shown clear evidence of prejudice and/or bias.**

This Court should extend and/or modify existing law to hold that the district court had erred or abused its discretion in continuing to act in the 2255 case while

Appellant had filed a motion under Dkt. #195 to recuse the judge from the case pursuant to 28 U.S. Code § 455. Disqualification of justice, judge, or magistrate judge. There had also been an appeal under case no. 19-7483 that was filed months before the dismissal regarding denial of that motion to recuse. This very judge had been caught lying about the facts and merits of matters before the criminal case. That further escalated after Brian's motion to recuse. The judge appears to be engaging in possibly retaliatory behavior when he makes false statements and false conclusions on the record in his opinions or orders in favor of the Appellee/Government. Part of them were brought up in consecutive appeal under Doc: 11, USCA4 Appeal: 19-7483. Document #203 in the case which was a Notice of Appeal also criticized the District Court for denying the motion to recuse by stating on the record on October 9, 2019, citing from the Notice of Appeal that "*The Hon. Judge Schroeder is refusing to recuse himself from the case knowing that it is creating a conflict of interest and is allowing such prejudice and abuse to continue is not good for this case. Not good for the 2255 Civil case and not good for anything to do with this criminal case either. The Constitution and the law requires that a Judge be impartial and without prejudice and without bias, and for the Canons of Professional Conduct. It is also proper judicial conduct to follow the facts exactly and not making conclusory facts that cannot be proven on the record. It is also proper conduct to vacate any frauds upon the Court, even if such frauds were perpetuated by the Government. THIS IS A CONSTITUTIONAL CRISIS.*" The Dkt. #226 Notice of Appeal also criticized Thomas D. Schroder for his bias and prejudice, citing from the record that "*This NOTICE OF APPEAL concerns the*

42

*abuse of discretion, ignoring the evidence, and allowing the frauds upon the court against party: Brian David Hill by the corrupt United States Attorney Office for the Middle District of North Carolina.*" Then there is also the Writ of Mandamus under case no. 19-2338, In Re: Brian Hill, where "Thomas D. Schroeder" is also a respondent for the allegations by Appellant that all motions for sanctions for fraud upon the court were ignored even after none of those motions were contested by the Appellee. So there is a conflict of interest when a Judge is named in a case for allegations by Appellant for ignoring motions, ignoring evidence, and ignoring the frauds upon the court. It seems like it would be far better in the interest of justice by recusing this judge from the case as there is a lot of issues that point to the high probability of prejudice and/or bias that had corrupted the very impartiality required under the Constitution for a court case. The fact that the Judge had dismissed the entire 2255 case while two appeals were pending regarding actions taken in the 2255 case shows that the Judge will not respect the authority of the judges inside of the Court of Appeals. Appellant would also like to enter in the record that in 2019, Appellant and a member of his family had filed a judicial complaint with the Judicial Council of the Fourth Circuit, which was months ago, prior to the dismissal of the entire 2255 case. So if the Judge had initiated in "retaliating against complainants, witnesses, or others for their participation in this process" of filing a complaint alleging a federal judge has committed misconduct, then it further justifies recusal and disqualification from any further participation within the very case that it appealed from before this court pursuant to 28 U.S. Code § 455. If there is even an appearance of a partiality in the case, the Judge may

43

need to be recused from the case. See "At the close of the prosecution's case, Bourgeois renewed his disqualification motion, adding as grounds for it the District Judge's "admonishing [him] in front of the jury" regarding the opening statement, and the District Judge's unspecified "admonishing [of] others," in particular Bourgeois' two *pro se* codefendants. The motion was again denied. Petitioners were convicted of the offense charged."

Petitioners appealed, claiming that the District Judge violated 28 U.S.C. § 455(a) in refusing to recuse himself. See *Liteky v. United States*, 510 U.S. 540, 543 (1994). *Fero v. Kerby*, 39 F.3d 1462, 1478 (10th Cir. 1994) ("Disqualification of a judge for actual bias or prejudice is a serious matter and should only be required when the evidence is compelling. *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985), *cert. denied sub nom. DiSalvo v. United States*, 475 U.S. 1095, 106 S.Ct. 1490, 89 L.Ed.2d 892 (1986).") When a Judge continually makes false statements from the record in a case, when the record shows otherwise, it defames a party to the case and shows prejudice. See Document #222, Pages 9 to 11.

Further evidence of prejudice is when the Judge is caught making false statements against a party that are not truthful versus what was fact on the record in the case. In Dkt. #223, citing from the earlier order that the Hon. Thomas Schroeder said "*after having exposed himself publicly, including **on a public park trail** within the city limits*". He had defamed Appellant to look like somebody who is violating the Sex Offender restrictions, when the evidence this same Judge had relied upon is not the factual conclusion that he came up with. A fraud upon the court motion and transcript can show the frauds.

44

# VI. <u>CONCLUSION</u>

For the reasons stated above, the Appellant urges this Court to vacate the final judgment dismissing the 2255 motion, compel the District Court to hold evidentiary hearings in regards to both Actual Innocence claims and the fraud upon the court claims (if necessary) since both of those issues are not barred by any statute of limitation, and that the District Court grant the Motion for Sanctions (Dkt. #222) and Motion for Default Judgment (Dkt. #222, "Petitioner's third Motion for Sanctions, **<u>Motion for Default Judgment in 2255 case</u>** and to Vacate Judgment that was in Plaintiff/Respondent's favor") in Petitioner's/Appellant's favor for Appellees' proven and repeated pattern of fraud upon the court as that and the other sanctions motions and other evidence/allegations of fraud upon the court was never contested on the record (Dkt. #199, Dkt. #206, Dkt. #213, Dkt. #222, Dkt. #217, Dkt. #169, Dkt. 143, and Dkt. #145).

Appellant also requests that a final decision in the 2255 case not be made until this Court of Appeals renders any judgment for the Writ of Mandamus case no. 19-2338, until this Court of Appeals renders any judgment for the other two pending appeals case nos. 19-7755 and 19-7483.

Appellant also requests that this court order the recusal of the Hon. Thomas D. Schroeder of the U.S. District Court from further participation in presiding over the underlying 2255 case and the entire criminal case itself including any further proceedings in regards to supervised release concerning Appellant.

Appellant had filed prior appeals in the Fourth Circuit U.S. Court of

Appeals. List includes current appeal case no. 20-6034, the case this brief is filed.

| | | | | |
|---|---|---|---|---|
| 15-4057<br>US v. Brian Hill | 01/30/2015 | Brian David Hill | 06/12/2015<br>14:43:07 | 0418-2 : 1:13-cr-00435-WO-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 17-1866<br>Brian Hill v<br>EOUSA | 07/25/2017 | Brian David Hill | 12/27/2017<br>11:00:14 | 0423-4 : 4:17-cv-00027-JLK-RSB<br>United States District Court for the Western District of Virginia at Danville |
| 18-1160<br>Brian Hill v.<br>EOUSA | 02/09/2018 | Brian David Hill | 10/09/2018<br>08:08:13 | 0423-4 : 4:17-cv-00027-JLK-RSB<br>United States District Court for the Western District of Virginia at Danville |
| 19-2077<br>In re: Brian Hill | 10/03/2019 | Brian David Hill | 10/17/2019<br>10:41:39 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 19-4758<br>US v. Brian Hill | 10/15/2019 | Brian David Hill | 01/07/2020<br>15:14:13 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 19-7483<br>US v. Brian Hill | 10/15/2019 | Brian David Hill | 12/02/2019<br>16:51:51 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 19-2338<br>In re: Brian Hill | 11/25/2019 | Brian David Hill | 12/02/2019<br>10:11:43 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 19-7755<br>US v. Brian Hill | 11/27/2019 | Brian David Hill | 12/18/2019<br>14:06:50 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 19-7756<br>US v. Brian Hill | 11/27/2019 | Brian David Hill | 01/08/2020<br>08:14:35 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 20-6034<br>US v. Brian Hill | 01/06/2020 | Brian David Hill | 01/06/2020<br>15:40:25 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |

## VII. REQUEST FOR ORAL ARGUMENT

As this appeal raises important constitutional and statutory interpretation issues in an evolving area of law which could have broad effects on every supervised release revocation hearing, the Appellant requests oral argument. Appellant also requests that counsel be appointed to represent Appellant for oral argument.

Respectfully Submitted,

**BRIAN DAVID HILL**
**Pro Se**

*Brian D. Hill*
Signed

Brian David Hill – Ally of Qanon
Founder of USWGO Alternative
News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505
*Pro Se Appellant*







Brian D. Hill - Ally of QANON
WWG1WGA - Q-Intel - Drain the Swamp MAGA
JusticeForUSWGO.wordpress.com - INVESTIGATE!

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    [ X ] this brief contains [*12,214*] words.

    [    ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.  This brief complies with the typeface and type style requirements because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2013*] in [*14pt Times New Roman*]; *or*

    [ ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].



Dated:    January 13, 2020





Brian David Hill – Ally of Qanon
Founder of USWGO Alternative News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505
                    *Pro Se Appellant*



Brian D. Hill - Ally of QANON
WWG1WGA - Q-Intel - Drain the Swamp MAGA
JusticeForUSWGO.wordpress.com - INVESTIGATE!

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 13th day of January, 2020, I caused this Informal

Brief of Appellant and Informal Joint Appendix to be filed with the Clerk of the

Court by mailing the foregoing (Certified Mail tracking no. 7019-2280-0000-8211-

5116) with the Clerk of the Court then request that pursuant to 28 U.S.C. §1915(d)

that the Clerk of the Court move to electronically file the foregoing using the

CM/ECF system, which will send notice of such filing to the following registered

CM/ECF users:

Anand P. Ramaswamy
OFFICE OF THE U.S. ATTORNEY
101 South Edgewater Street, 4th Floor
Greensboro, North Carolina 27401
(336) 333-5351
Anand.Ramaswamy@usdoj.gov

*Counsel for Appellee*

Angela Hewlett Miller
U.S. Attorney Office
101 South Edgeworth Street, 4th
Floor, Greensboro, NC 27401
(336) 333-5351
angela.miller@usdoj.gov

*Counsel for Appellee*

John M. Alsup
U.S. Attorney Office
101 South Edgeworth Street, 4th
Floor, Greensboro, NC 27401
(336) 333-5351
john.alsup@usdoj.gov

*Counsel for Appellee*

*Brian D. Hill*
signed





Brian David Hill – Ally of Qanon
Founder of USWGO Alternative
News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505

*Pro Se Appellant*



Brian D. Hill - Ally of QANON
WWG1WGA - Q-Intel - Drain the Swamp MAGA
JusticeForUSWGO.wordpress.com - INVESTIGATE!




U.S. POSTAGE PAID
PM 2-Day
MARTINSVILLE, VA
24112
JAN 13, 20
AMOUNT

**$17.85**

R2304N117627-19

1004

23219



## PRIORITY
### ★ M A I L ★


**UNITED STATES
POSTAL SERVICE** ®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:



Brian D. Hill - Ally of QANON
310 Forest Street, Apartment 2
Martinsville, Virginia 24112



TO:

Clerk of the Court
U.S. Court of Appeals
1100 East Main Street, Suite 501
Richmond, VA 23219

Label 228, March 2016          FOR DOMESTIC AND INTERNATIONAL USE

