RECORD NO. 19-7755 and 20-6034

In The

# United States Court of Appeals
## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Petitioner*

v.

## BRIAN DAVID HILL,

*Respondent.*

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF NORTH
CAROLINA AT GREENSBORO

---

### PETITION FOR REHEARING OR REHEARING EN BANC

---



**Brian David Hill – Ally of Qanon**
**Founder of USWGO Alternative News**
**310 Forest Street, Apt. 2**
**Martinsville, Virginia 24112**
**(276) 790-3505**



---

*Pro Se Appellant*

JusticeForUSWGO.wordpress.com
JusticeForUSWGO.NL/Pardon

i

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................ii to iii

I.    INTRODUCTION AND
RULE 35(b)(1) STATEMENT .........................................................1

II.    SUMMARY OF THE ARGUMENT .....................................2 and 3

III.    ARGUMENT...............................................................................4

     A.    Argument ............................................................................4

        i.

           This Court should find that the panel erred in failing to find that
the district court erred as a matter of law in dismissing the 2255
case without entering any judicial decision or judicial action on
Motion for Sanctions and to Vacate Judgment in
Plaintiff's/Respondent's Favor (Dkt. #199), Petitioner's Second
Motion for Sanctions and to Vacate Judgment that was in
Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum
of Law in support of Requesting the Honorable Court in this case
Vacate Fraudulent begotten Judgment or Judgments (Dkt. #206),
Request that the U.S. District Court Vacate Fraudulent Begotten
Judgment, Vacate the Frauds upon the Court against Brian David
Hill (Dkt. #217), Petitioner's third Motion for Sanctions, Motion
for Default Judgment in 2255 case and to Vacate Judgment that
was in Plaintiff/Respondent's favor (Dkt. #222), and pending
Writ of Mandamus under case no. 19-2338 concerning the
district court's inaction on the motions for sanctions..................4

        ii.

           This Court should find that the Panel misinterpreted or
overlooked the fact that the § 2255 motion and the appeal brief
requesting "Certificate of Appealability" did in fact raise
Constitutional issues where there are one or more clear grounds
for relief as a matter of SCOTUS case law. ...............................5

        iii.

           This Court should find that the panel should have extended
and/or modified existing law to hold that the district court abused
its discretion when it denied Appellant's 2255 motion and

dismissed the 2255 action without addressing the frauds upon the court and any jurisdictional challenges which are not normally subject to a statute of limitations...................................................8

CONCLUSION..............................................................................14

CERTIFICATE OF COMPLIANCE.............................................16

CERTIFICATE OF FILING AND SERVICE ...............................17

# TABLE OF AUTHORITIES/CITATIONS

**Page(s)**

## CASES

*Whiteside v. United States,*
 775 F.3d 180, 182-83 (4th Cir. 2014) (en banc)......................................1, 2, 11

*In re: Brian David Hill,*
 case no. 19-2338, Fourth Circuit, U.S. Court of Appeals...........................2, 5

*FRITTS v. KRUGH,*
 10/13/58 SUPREME COURT OF MICHIGAN, 92 N.W.2d 604, 354 Mich.
 97. ......................................................................................................... 8-9

*Gonzalez v. Thaler,*
 565 U.S. 134, 140-41 (2012) – U.S. Supreme Court......................................1

*Slack v. McDaniel,*
 529 U.S. 473, 484 (2000) – U.S. Supreme Court ...........................................1

*Murray v. Carrier,*
 477 U.S. 478, 485 (1986) – U.S. Supreme Court .................................2, 6, 12

*Murray v. Carrier,*
 Murray, supra, at 496 – U.S. Supreme Court .......................................2, 6, 12

*United States v. Fugit,*
 703 F.3d 248, 253-54 (4th Cir. 2012) ...................................................5, 6, 12

*Rook v. Rook,*
 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987) – Virginia Supreme Court .......9

*Bousley v. United States,*
 523 U.S. 614, 622 (1998) .........................................................................5, 12

*Wainwright v. Sykes,*
    333 F.3d 509, 516-17 (4th Cir. 2003) ...................................................2, 6, 12

*Smith v. Murray,*
    477 U.S. 527, 537 (1986)..............................................................................6, 12

*Jaffe and Asher v. Van Brunt,*
    S.D.N.Y.1994. 158 F.R.D. 278......................................................................10

*Orner v. Shalala,*
    30 F.3d 1307, (Colo. 1994).............................................................................10

*Triad Energy Corp. v. McNell,*
    110 F.R.D. 382 (S.D.N.Y. 1986) ......................................................................9

*Long v. Shorebank Development Corp.,*
    182 F.3d 548 ( C.A. 7 Ill. 1999).......................................................................9

*Klugh v. U.S.,*
    620 F.Supp. 892 (D.S.C. 1985) ........................................................................9

*Sanchez v. Hester,*
    911 S.W.2d 173, (Tex.App. – Corpus Christi 1995) .......................................9

*Estate of Page v. Litzenburg,*
    852 P.2d 128, review denied (Ariz.App. Div. 1, 1998)....................................9

## CONSTITUTIONAL PROVISIONS

Due Process Clause "due process of law"; U.S.C.A. Const. Amend. 5; "Fifth Amendment; due Process Clause, of the United States Constitution"; 28 U.S.C.A.; U.S.C.A. Const. Amend. 5.........................................................................7, 9

Eighth Amendment, cruel and unusual punishment clause; of the United States Constitution.........................................................................................................7

## RULE

Middle District of North Carolina Local Civil Rule 7.3 ...........................................10

Federal Rules of Civil Procedure "Rule 60(b)(4)" ...............................................7, 9

## STATUTE

28 U.S.C. § 2253(c)(2)............................................ ....................................................1

28 U.S.C. § 2255(f).................................................................................................11

28 U.S.C. § 2253(c)(1)(B).......................................................................................11

## I. **INTRODUCTION AND RULE 35(b)(1) STATEMENT**

In the undersigned Appellant ("Appellant") Brian David Hill's judgment, the following situation exists: (1) a material factual, legal matter, or Constitutional matter was overlooked in the decision and (2) this proceeding involves one or more questions of exceptional importance.

Specifically, the material factual or legal matter which was overlooked and the question of exceptional importance is whether or not Appellant had demonstrated that there was "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)." Whiteside v. United States, 775 F.3d 180, 182-83 (4th Cir. 2014) (en banc) and Gonzalez v. Thaler, 565 U.S. 134, 140-41 (2012) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000), and whether the Panel had erred in refusing to issue a "certificate of appealability" when the U.S. Supreme Court had altered previous law to require that actual innocence or cause and prejudice which may include fraud upon the court can overcome any procedural default including the one year statute of limitations. That is since fraud on the court by the prosecutor in a criminal case also demonstrates additional facts of actual innocence as there is no reason for any attorney of the United States of America to actually engage in any fraud against a criminal defendant if the prosecution's case was full of truth and merit, it has a lack of truth and merit no matter the substantial issues of fact and claims

1

brought of a cause by an officer of the court. The panel ruled under Whiteside v. United States, 775 F.3d 180, 182-83 (4th Cir. 2014) (en banc), that "We have independently reviewed the record and conclude that Hill has not made the requisite showing." That decision is erroneous as the opening brief (Appeal Dkt. 5) of the Petition for Appealability and the record demonstrates that there is a constitutional or legal issue that the Panel erred and overlooked in dismissing both consolidated appeals. Therefore, Appellant seeks en banc review so that the Panel's decision can be reconsidered within the framework set forth by Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977), "actually innocent," Murray, supra, at 496 (citation omitted).

If this Court can reconsider its decision to deny issuing a certificate of appealability, and the Panel's dismissal of both § 2255 Appeals, then the District Court can and should conduct an evidentiary hearing along with a discovery period in regards to (1) Actual Innocence that is a constitutional remedy not barred by any statute of limitations, and (2) Fraud on the court that is in regards to fraud perpetuated by the government prosecuting attorney of the criminal case of Appellant and therefore also supports "actual innocence" and fraud is also not subject to a one-year statute of limitations. It would be insane to time-bar a fraud on the court claim, as fraud threatens or endangers the integrity and credibility of the Federal Courts and of their records. Fraud should be challenged at any time in any Court when such fraud is discovered by the Court or the discovery of fraud upon its record by an officer of the court is brought to the Court's attention.

## II. SUMMARY OF THE ARGUMENT

2

This Court should find that the panel erred in failing to find that the district court erred as a matter of law or abused discretion in dismissing the 2255 case while there were matters within the 2255 case currently still under pending appeal and taking action(s) on the case over matters which were barred by pending appeal.

This Court should find that the panel erred in failing to find that the District Court erred or abused discretion in failing to recognize or refusing to recognize any and all cumulative evidence concerning Appellant's actual innocence and that his guilty plea may not have been valid and true (Dkt. #171) and in adopting the Magistrate Judge's Recommendation.

This Court should find that the panel erred in failing to find that the district court erred or abused discretion in dismissing the 2255 case without entering any judicial decision or judicial action on Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor (Dkt. #199), Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments (Dkt. #206), Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill (Dkt. #217), Petitioner's third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff/Respondent's favor (Dkt. #222), and pending Writ of Mandamus under case no. 19-2338 concerning the district court's inaction on the motions for sanctions.

3

This Court should find that the panel should have extended and/or modified existing law to hold that the district court abused its discretion in denying Appellant's 2255 motion and dismissing the 2255 action without addressing the frauds upon the court and any jurisdictional challenges which are not normally subject to a statute of limitations.

### III. ARGUMENT

i.     **This Court should find that the panel erred in failing to find that the district court erred as a matter of law in dismissing the 2255 case without entering any judicial decision or judicial action on Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor (Dkt. #199), Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments (Dkt. #206), Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill (Dkt. #217), Petitioner's third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff/Respondent's favor (Dkt. #222), and pending Writ of Mandamus under case no. 19-2338 concerning the district court's inaction on the motions for sanctions.**

The panel errored with finding no reversible error when the District Court was allowed to dismiss an entire 2255 civil case action while there were still pending uncontested motions at the time which were never acted upon. The filed Motions in the 2255 case during its pendency under Documents #199, #206, #217, and #222 were never denied, never granted, and no decision was ever made by the time that the entire civil action was dismissed without disposing of the pending uncontested motions with at least a decision. A petition for Writ of Mandamus under

case no. 19-2338 was even pending with the Respondent being the same Judicial officer of the District Court that also dismissed the § 2255 case, and that Mandamus request was over pending uncontested motions that were never acted upon at the time the 2255 case was dismissed. Even that should be considered erroneous by a District Court. That alone should of even require reversal of the District Court's final judgment.

> ii. **This Court should find that the Panel misinterpreted or overlooked the fact that the § 2255 motion and the appeal brief requesting "Certificate of Appealability" did in fact raise Constitutional issues where there are one or more clear grounds for relief as a matter of SCOTUS case law.**

Respectfully, this Court should find that the Panel made human errors of judgment by overlooking the fact that his Petition for Appealability (Appeal Dkt. 5, case no. 20-6034) had raised substantial Constitutional issues where there are clear grounds for relief, and that a statute of limitations concerning § 2255 Motions do not apply to claims of "Actual Innocence". Even this Court made clear rulings on the actual innocence exception, under United States v. Fugit, 703 F.3d 248, 253-54 (4th Cir. 2012).

The case law of the Supreme Court of the United States ("SCOTUS") makes it clear that this Court and the District Court does have jurisdiction to entertain and consider Habeas Corpus petitions normally procedurally barred or time-barred on the ground of (1) Actual Innocence or (2) cause and prejudice. See Bousley v. United States, 523 U.S. 614, 622 (1998) "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in

habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977), or that he is "actually innocent," Murray, supra, at 496; Smith v. Murray, 477 U.S. 527, 537 (1986)." United States v. Fugit, 703 F.3d 248, 253-54 (4th Cir. 2012) "A procedural default, however, may be excused in two circumstances: where a person attacking his conviction can establish (1) that he is "actually innocent" or (2) "cause" for the default and "prejudice" resulting therefrom. Id. at 622, 118 S.Ct. 1604. While a successful showing on either actual innocence or cause and prejudice would suffice to excuse the default".

Also, fraud upon the court claims or allegations with proof and is uncontested can also bring great weight towards an actual innocence claim. So whether or not a claim of an officer defrauding the Court can technically overcome the one year statute of limitations for § 2255 motions under AEDPA law, as the Supreme Court already ruled that actual innocence can overcome all procedural hurdles including time-bar hurdles, fraud that is proven against an officer of the Court that prosecuted the criminal charge against Appellant can also give great weight to factual innocence where any trier of fact, any reasonable juror or judge would find that to be considered as facts concerning actual innocence. Any Court allowing fraud by simply dismissing all evidence, claims, arguments, and case law in support of fraud allegations or fraud facts as untimely or time-barred is a single greatest miscarriage of justice that erodes the credibility and integrity of that District Court or ANY Court for that matter. Fraud doesn't just convict innocent men and women; fraud is the fact of an officer of the Court knowingly prosecuting an innocent person and

6

does whatever it takes to have Public Defenders make their clients take false guilty pleas to justify their frauds. They know when a guilty plea is false but they do not care because all they care about is winning each and every case.

There is a lot of evidence favorable to Appellant's actual innocence and fraud claims. When the Government did file its motion to dismiss the 2255 motion (Doc. #141), Appellant responded timely with more evidence (Doc. #143), the Government did not file any reply to that response when they clearly had the right and opportunity to do so (Doc. #142, Roseboro Notice). The Actual Innocence claim and the fraud on the court claims are well-grounded in law, and are entitled to some form of relief or another. No panel should deny what is clearly valid.

The denial of a Writ of Habeas Corpus by procedural default or defect when it comes to issues such as an attorney knowingly defrauding the court and actual innocence, it also violates the Fifth Amendment; due Process Clause, of the United States Constitution. It is not due process protection to simply throw out a Habeas Corpus Petition due to some statute of limitations when the highest Federal Court of SCOTUS had ruled as case law authority of law that ACTUAL INNOCENCE overcomes any or all procedural hurdles including the one year statute of limitations, that a Petitioner may pass through the time-bar or procedural-bar.

The denial of a Writ of Habeas Corpus by procedural default or defect when it comes to issues such as an attorney knowingly defrauding the court and actual innocence, it is considered a violation of the Eighth Amendment, cruel and unusual punishment clause; of the United States Constitution. It is cruel and unusual

punishment to force a criminal defendant to serve any sentence or punishment inflicted when the person had proven any or at all of any facts of Actual Innocence aka Factual Innocence. The U.S. Supreme Court had ruled that 2255 Motion filers may use actual innocence and that it is a wrongful suspension of the Habeas Corpus Clause when Habeas Corpus is suspended against an innocent person wrongfully convicted and can prove any of it at all.

> iii. **This Court should find that the panel should have extended and/or modified existing law to hold that the district court abused its discretion when it denied Appellant's 2255 motion and dismissed the 2255 action without addressing the frauds upon the court and any jurisdictional challenges which are not normally subject to a statute of limitations.**

This Court should find that the panel should have extended and/or modified existing law to hold that the district court abused its discretion when it denied Appellant's 2255 motion and dismissed the 2255 action without addressing the uncontested claims of fraud upon the court and any jurisdictional challenges which are not normally subject to a statute of limitations.

Even a state Supreme Court ruled against a statute of limitations over matters of fraud or jurisdictional issues. Citation: "No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen the old wound and once more probe its depths. And it is then as though trial and adjudication had never been." 10/13/58 *FRITTS v. KRUGH*. SUPREME COURT OF MICHIGAN, 92 N.W.2d 604, 354

Mich. 97.

While voidable orders are readily appealable and must be attacked directly,

void order may be circumvented by collateral attack or remedied by mandamus,

Sanchez v. Hester, 911 S.W.2d 173, (Tex.App. – Corpus Christi 1995). Arizona

courts give great weight to federal courts' interpretations of Federal Rule of Civil

Procedure governing motion for relief from judgment in interpreting identical text

of Arizona Rule of Civil Procedure, Estate of Page v. Litzenburg, 852 P.2d 128,

review denied (Ariz.App. Div. 1, 1998).

A void judgment which includes judgment entered by a court which lacks

jurisdiction over the parties or the subject matter, or lacks inherent power to enter

the particular judgment, **or an order procured by fraud, can be attacked at any**

**time, in any court,** either directly or collaterally, provided that the party is properly

before the court, Long v. Shorebank Development Corp., 182 F.3d 548 ( C.A. 7 Ill.

1999). Void judgment is one where court lacked personal or subject matter

jurisdiction **or entry of order violated due process,** U.S.C.A. Const. Amend. 5 –

Triad Energy Corp. v. McNell 110 F.R.D. 382 (S.D.N.Y. 1986). Judgment is a void

judgment if court that rendered judgment lacked jurisdiction of the subject matter,

or of the parties, **or acted in a manner inconsistent with due process,** Fed. Rules

Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; U.S.C.A. Const. Amend. 5 – Klugh v. U.S.,

620 F.Supp. 892 (D.S.C. 1985). **A void judgment is one that has been procured**

**by extrinsic or collateral fraud** or entered by a court that did not have jurisdiction

over the subject matter or the parties." Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d

756, 758 (1987).

9

**When rule providing for relief from void judgments is applicable, relief**
**is not discretionary matter, but is mandatory,** *Orner v. Shalala,* 30 F.3d 1307,
(Colo. 1994). Judgments entered where court lacked either subject matter or
personal jurisdiction, or that were **otherwise entered in violation of due process of**
**law, must be set aside,** Jaffe and Asher v. Van Brunt, S.D.N.Y.1994. 158 F.R.D.
278.

There was plenty of evidence of uncontested fraud.

The U.S. Government was given three-week response deadlines to each of the
Motions under #169, #206, #199, and #217, all referencing that the U.S. Attorney
had defrauded the District Court. None of them were responded to and not contested.
Under Middle District of North Carolina Local Civil Rule 7.3, motions not
responded to by the time required by that rule the motion will be considered as an
uncontested motion and will be granted normally without notice. The fraud evidence
and allegations as part of the objections (Doc. #213) to the Magistrate Judge's
ORDER AND RECOMMENDATION under Document #210, was not contested by
the Government. Enough evidence was submitted, evidence of fraud was
demonstrated and uncontested. An evidentiary hearing was warranted, discovery
was warranted, and any relief was warranted for the 2255 Motion.

     **iv.**    **This Court should find that the panel erred failing to find that the**
            **District Court erred or abused discretion in failing to recognize or**
            **refusing to recognize any and all cumulative evidence concerning**
            **Appellant's actual innocence and that his guilty plea may not have**
            **been valid and true (Dkt. #171) and in adopting the Magistrate**
            **Judge's Recommendation.**

There has been a lot of documented evidence regarding facts of Appellant's actual innocence. The only facts that could not clearly be established without the need for an evidentiary hearing and discovery is in regards to an independent computer forensic expert requested in the brief in support of Appellant's § 2255 Motion (Document 128, Page 88), and the request for an Autism Expert and/or Medical Expert (Document 128, Page 90) or even an Audio Expert (Document 128, Page 92) to demonstrate the confession on August 29, 2012 being false as caused by Appellant's Autism and maybe even a fabrication if the audio is altered in any way, shape, or form, and not left in its entirety. In fact, his Type 1 Brittle Diabetes also contributed to the false confession of Brian David Hill as already in the record on Appeal, because he was questioned around lunchtime which was also proven on the record (Document 128, Page 62). When your questioned around the usual time for eating lunch and you're a Diabetic, any reasonable factfinder would feel that the person could give a false confession statement to be able to get out of an interrogation or interview to have lunch or dinner. Low blood sugar plays a role in coercion and false confessions. All of that was proven and brought up in the § 2255 Motion, Exhibits, and Brief / Memorandum of Law.

The panel relies upon "Whiteside v. United States, 775 F.3d 180, 182-83 (4th Cir. 2014) (en banc) (explaining that § 2255 motions are subject to one-year statute of limitations, running from latest of four commencement dates enumerated in 28 U.S.C. § 2255(f)). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B)". **That decision conflicts with the U.S. Supreme Court ruling that** "Actual Innocence" may overcome any

11

procedurally defaulted petition. Bousley v. United States, 523 U.S. 614, 622 (1998) "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977), **or that he is "actually innocent,"** Murray, supra, at 496; Smith v. Murray, 477 U.S. 527, 537 (1986)." United States v. Fugit, 703 F.3d 248, 253-54 (4th Cir. 2012) "A procedural default, however, may be excused in two circumstances: where a person attacking his conviction can establish (1) that he is "actually innocent" or (2) "cause" for the default and "prejudice" resulting therefrom. Id. at 622, 118 S.Ct. 1604. While a successful showing on either actual innocence or cause and prejudice would suffice to excuse the default".

Citation and Quote from panel's opinion (Dkt. 7, case no. 19-7755):

"When, as here, the district court denies relief on procedural grounds, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. Gonzalez v. Thaler, 565 U.S. 134, 140-41 (2012) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000))."

The panel admitted that such dismissal of Appellant's 2255 case and 2255 Motion was procedural which again conflicts with the case law authorities of the U.S. Supreme Court ruling that actual innocence overcomes procedural defaults. The panel completely overlooked the grounds of actual innocence and completely relied upon the 4th Circuit's enforcement of only the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act concerning all 2255

12

Motions. Does the panel ignore the U.S. Supreme Court????? Is that even legal and Constitutional for Circuit Court Judges and District Court Judges to completely disregard and ignore U.S. Supreme Court case law authorities??? The Supreme Court ruled multiple times that actual innocence can overcome any procedural bar and yet the Petition for Appealability is being refused by the panel citing that there is only the statute of limitations but slept on the issues of actual innocence, fraud upon the court, and the case law from the highest Court of SCOTUS. **This Court can wake up the panel on the very issues they slept on, today is that day.**

When evidence and allegations are uncontested, they are usually considered as fact.

Appellant did oppose the Appellee's motion to dismiss the 2255 case (Document #143), and the Appellee had the right to file a reply if they had disagreed with any of Appellant's claims, evidence, and arguments in that response. They did not even file a reply. Even the Roseboro letter acknowledged that failing to respond would be considered an undisputed claim or matter. Citation under Document #142: "Therefore, your failure to respond or, if appropriate, to <u>file counter affidavits or evidence in rebuttal within the allowed time</u> may <u>cause the court to conclude that the respondent's contentions are undisputed.</u>" So, when the Appellee makes a claim and the Appellant doesn't respond at all, then it is uncontested and undisputed. The same principles should apply to the Government as well in a civil case such as a 2255 Motion.

Again, after the Document #210 ORDER AND RECOMMENDATIONS by

13

the Magistrate Judge, Document #211 gave the Appellant an opportunity to file his objections and the Appellee two weeks to respond to any of them which would contest any factual or legal claim, and there was no response by the Government/Appellees. See "PETITIONER'S OBJECTIONS TO "ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE" (Dkt. #210) Supplement about Brian's 2255 Motion by Witness, Investigator & Brian's legal assistant Stella Forinash", Document #213, Page 114 through 137. That affidavit brought up in regards to Appellant's actual innocence and fraud upon the court and was not objected to by the Government, they had two weeks to respond to all of that or request an extension of time which the Court would have very easily given them, but did not even request such.

Ineffective assistance of counsel is a valid reason for a false guilty plea in favor of actual innocence. As long as actual innocence is one of the grounds and ineffective counsel is a reason for a false guilty plea, the Petition for Appealability should have been issued by this Court.

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Appellant urges this Court to grant his petition for rehearing/rehearing en banc, vacate and/or modify the panel's opinion and judgment entered December 18, 2020, grant the Appellant's Petition for Appealability filed on January 15, 2020, and vacate the final judgment dismissing the § 2255 Motion and case entered on December 31, 2019.

Respectfully Submitted,
Dated: DEC. 31, 2020

**BRIAN DAVID HILL**
  Pro Se

*Brian D. Hill*
signed

Brian David Hill – Ally of Qanon
Founder of USWGO Alternative
News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505
*Pro Se Appellant*







Brian D. Hill - Ally of QANON
WWG1WGA - Q-Intel - Drain the Swamp MAGA
JusticeForUSWGO.wordpress.com - INVESTIGATE!

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    [ X ] this brief contains [*3,899*] words
    and is 15 pages.

    [   ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.  This brief complies with the typeface and type style requirements because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2013*] in [*14pt Times New Roman*]; or

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

*Brian D. Hill*
Signed

Dated:  December 31, 2020





Brian David Hill – Ally of Qanon
Founder of USWGO Alternative News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505
                              *Pro Se Appellant*

16

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 31st day of December, 2020, I caused this Petition for Rehearing or Rehearing En Banc to be filed with the Clerk of the Court by mailing the foregoing (Certified Mail tracking no. 7019-1120-0002-2387-1415) with the Clerk of the Court then request that pursuant to 28 U.S.C. §1915(d) that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF users:

> Anand P. Ramaswamy
> OFFICE OF THE U.S. ATTORNEY
> 101 South Edgewater Street, 4th Floor
> Greensboro, North Carolina 27401
> (336) 333-5351
> Anand.Ramaswamy@usdoj.gov
>
> *Counsel for Appellee*
>
> Angela Hewlett Miller
> U.S. Attorney Office
> 101 South Edgeworth Street, 4th
> Floor, Greensboro, NC 27401
> (336) 333-5351
> angela.miller@usdoj.gov
>
> *Counsel for Appellee*
>
> John M. Alsup
> U.S. Attorney Office
> 101 South Edgeworth Street, 4th
> Floor, Greensboro, NC 27401
> (336) 333-5351
> john.alsup@usdoj.gov
>
> *Counsel for Appellee*

*Brian D. Hill*
*signed*



Brian David Hill – Ally of Qanon
Founder of USWGO Alternative News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505

*Pro Se Appellant*



Brian D. Hill - Ally of QANON
WWG1WGA - Q-Intel - Drain the Swamp MAGA
JusticeForUSWGO.wordpress.com - INVESTIGATE!

18

**PRESS FIRMLY TO SEAL**

1021

23219

U.S. POSTAGE PAID
PM 2-DAY
BASSETT, VA
24055
DEC 31, 20
AMOUNT
**$13.00**
R2305K138982-11

**ES**
**ICE.**®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**®

7019 1120 0002 2387 1415

**FROM:**

# U.S.W.G.O.

Brian D. Hill - Ally of QAnon
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
WWG1WGA - Q-Intel Drain the
Swamp MAGA - INVESTIGATE!
JusticeForUSWGO.wordpress.com



INSPECTED

**TO:**  JAN 05 2021

To schedule free
Package Pickup,
scan the QR code.

**USPS.COM/PICKUP**

Clerk of the Court
United States Court of Appeals
1100 East Main Street, Suite 50
Richmond, Virginia 23219

t 2018
2 x 9 1/2